**KUERSCHNER & RAUCHWARENFAB-RIK, A.G., Julius Tsuk & Rudolf Tsuk, Plaintiffs,**

v.

**SWISS BANK CORPORATION, Defendant.**

United States District Court, S. D. New York.

Dec. 21, 1954.

1. The J. P. Donaldson, C.C.1884, 21 F. 671, certiorari questions on other points answered, 167 U.S. 599, 17 S.Ct. 951, 42 L. Ed. 292.

Smith, Sargent, Doman & Grant, New York City, for plaintiffs, Nicholas R. Doman, New York City, of counsel.

White & Case, New York City, for defendant, Philip H. Weeks, New York City, of counsel.

McGOHEY, District Judge.

This is an action in which the individual plaintiffs, claiming to be the sole stockholders and officers of the corporate plaintiff, seek to recover a sum of money on deposit with the defendant's New York agency. The defendant moves to dismiss this third amended complaint for lack of jurisdiction or in the alternative

for leave to serve the notice provided for by Section 51-a of the New York Civil Practice Act. The plaintiffs also move to require that their depositions be taken by interrogatories rather than by oral examination in the United States.

The corporate plaintiff is a corporation organized under the laws of Hungary. Plaintiff Julius Tsuk alleges that he was a citizen and resident of Hungary and is now a "subject" of Canada, residing in Montreal. Plaintiff Rudolf Tsuk is alleged to have been a citizen and resident of Hungary and to be a "subject" of France at the present time, residing in Paris. Defendant is a corporation organized and existing under the laws of Switzerland.

The third amended complaint alleges that the action "arises" under the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 1 et seq., and that jurisdiction of this court is independently based on Section 17 of that act as well. Two causes of action are alleged.

The first alleges that certain funds on deposit with defendant bank, for the benefit and account of and subject to the disposal of the individual plaintiffs, were blocked by Executive Order 8389, 12 U.S.C.A. § 95a note, and thus became "subject to the jurisdiction of the U. S."; that Executive Order 9193, 50 U.S.C.A. Appendix, § 6 note, Sections 3 and 5(b) of the Trading with the Enemy Act, and General Ruling 12 prohibit a transfer of any property in a blocked account and declare such transfer null and void; that the Office of Alien Property pursuant to the Act determined the right of plaintiffs to possession of these funds, and thereafter issued a license authorizing defendant bank to transfer and pay the funds to plaintiffs; that plaintiffs have

duly demanded the funds and defendant has failed and refused to pay the funds to plaintiffs on the ground that authority to the account while blocked was transferred to others than the plaintiffs by virtue of a decree of Communist Hungary notwithstanding the provisions of the Trading with the Enemy Act; by reason of which plaintiffs have been damaged in the sum of $9,847.30. The second cause of action alleges the above facts and adds that plaintiff corporation had placed certain funds with the defendant prior to 1941; that defendant has carried these funds in New York; that there remains unpaid the sum of $9,847.30; that these funds were blocked by Executive Order; that the Office of Alien Property issued a special license pursuant to the Trading With the Enemy Act giving plaintiffs exclusive authorization to receive said funds on deposit with defendant bank; that plaintiffs have duly demanded said funds but defendant has failed and refused to pay said funds.

■ Since all parties are non-resident aliens, jurisdiction must be founded, if at all, either on the provisions of 28 U.S.C. § 1331 giving the Federal District Court jurisdiction of civil actions wherein the matter in controversy arises under the Constitution, laws or treaties of the United States, or on the specific provisions of the Trading with the Enemy Act.

■ The general requisite for jurisdiction under 1331 as set out in the cases is: a substantial question,[1] based on a federal right or immunity[2] to the determination of which a construction of the Constitution, laws or treaties is essential and not merely incidental.[3] Furthermore the complaint must be sufficient on its face as to its affirmative al-

1. Gully v. First National Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, and cases cited therein; Cuyahoga River Power Co. v. Northern Ohio Co., 1920, 252 U.S. 388, 399, 40 S.Ct. 404, 64 L.Ed. 626.

2. Skelly Oil Co. v. Phillips Petroleum Co., 1949, 339 U.S. 667, 70 S.Ct. 876, 94 L.

Ed. 1194; National Mutual Insurance Co. v. Tide Water Transfer Co., 1949, 337 U.S. 582, 597–598, 69 S.Ct. 1173, 93 L. Ed. 1556; Gully v. First National Bank, supra; Louisville and Nashville R. R. Co. v. Mottley, 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126, and cases cited therein.

3. Gully v. First National Bank, supra.

legations [4] and the allegation of defenses based on federal rights or of matters in anticipation of such defenses, may not be considered on the jurisdictional question.[5]

 It is clear that this third amended complaint does not plead a cause of action based on a federal right, but merely claims for debt or money had and received. The license issued by the officer of Alien Property is not an adjudication of right, title and interest upon which a claim can be based. It is no more than an authorization to the bank to pay out funds formerly sequestered by the government. It simply removes the obstacle created by the government's prior interest therein, and does not purport to direct that the bank turn over the funds regardless of some third party's interest therein. Thus the granting of the license gives plaintiffs no such federal right as will form a basis for a claim, it is merely an incidental precedent requisite to the enforcement of whatever right they may establish in these funds. The reason for the bank's refusal, be it because of a set-off of its own, or of some one else's claim, is a matter of defense. The allegation that the defense may be nullified by provisions of the Trading with the Enemy Act does not give plaintiff a claim arising under the Constitution, laws or treaties of the United States, of which the District Court has jurisdiction, diversity being absent.

Plaintiff contends that independent of 28 U.S.C. § 1331, Section 17 of the Trading with the Enemy Act specifically confers jurisdiction on the Federal District Court in that "The district courts of the United States are given jurisdiction to make and enter all such rules as to notice and otherwise, and all such orders and decrees, and to issue such process as may be necessary and proper in the premises to enforce the provisions of this Act."

This section has been construed as conferring upon the District Court jurisdiction of a summary possessory proceeding brought by the Alien Property Custodian [now the Attorney General as his successor] to enforce the provisions of the Act.[6] No cases have been cited, nor any independently discovered in which jurisdiction was exercised under this section in a suit between private individuals litigating questions of right, title and interest. Nor is there given to private individuals any right to seek damages in a civil action for defendant's failure to comply with any provisions of the Act or orders issued thereunder.

 This Court is without jurisdiction in the matter and the complaint must be dismissed.[7] This being so there is no need to consider defendant's alternative request for relief.

This decision moots the motion made by plaintiffs.

Settle order.

4. Cases cited footnote 2 supra.

5. Cases cited footnote 2 supra.

6. McGrath v. Manufacturers Trust Co., 1949, 338 U.S. 241, 246, 70 S.Ct. 4, 94 L.Ed. 31; Central Union Trust Co. of New York v. Garvan, 254 U.S. 554 passim, 41 S.Ct. 214, 65 L.Ed. 403; In re Miller, 2 Cir., 281 F. 764, appeal dismissed, 262 U.S. 760, 43 S.Ct. 519, 67 L.Ed. 1220; Brownell v. Kermath Mfg. Co., 1954, D.C.Mich., 120 F.Supp. 331, 335, citing the preceding case.

7. See, same plaintiffs v. New York Trust Company, D.C., 126 F.Supp. 684, decision of Judge Dawson dated Dec. 13, 1954.