## MILLER v. LONG et al.
### Civil Action No. 1346.

District Court, E. D. South Carolina, Charleston Division.

Aug. 10, 1945.

See also 7 F.R.D. 133.

Henry T. Gaud and Hagood, Rivers & Young, all of Charleston, S. C., for plaintiff.

Legge & Gibbs and J. C. Long, all of Charleston, S. C., for defendants.

WARING, District Judge.

The defendants filed a motion to dismiss the complaint in this cause based upon the grounds: (1) That there is no federal question involved; (2) that the complaint fails to state a claim upon which the relief can be granted; and (3) that the action is one in which the court should decline to exercise jurisdiction.

The real question in issue in this cause is whether the federal court has jurisdiction. The complaint alleges the requisite amount in controversy. There is no diversity of citizenship, the parties all being residents of South Carolina. But the claim of jurisdiction is based upon the allegation that the cause arises under the laws of the United States.

It appears from the complaint that the plaintiff entered into negotiations, and finally contracted, with the defendant, L. D. Long, as a result of which plaintiff purchased a lot of land in Charleston County in a sub-division known as "Nafair" and executed various documents for the purpose of financing the construction of a residence on such lot. A first mortgage on the property was executed to the Bank of Greenwood, S. C., and it was understood that the financing was to be done through the National Housing Act, 12 U. S.C.A. § 1701 et seq. The complaint alleges that the defendant, Long, caused false statements to be made in the applications for loans, and among others, that the lot had been paid for, and other pertinent information, all of which was known to the said Long to be false and fraudulent, and all of this was done with intent to induce the federal authorities to approve the proposed loan. As a result of these negotiations and acts a loan of $4,500 was made and a first mortgage executed. It appears there was also a second mortgage executed, the exact amount not being alleged in the complaint, but which amount was something over $3,800. Plaintiff alleges that he was not aware that he was executing a second mortgage, but was induced to sign the papers under the guise of the requirement of the federal act and regulations, and that it was not until some time later that he discovered that he was obligated to pay large sums of money on his second mortgage as well as on the first.

This case was instituted for the purpose of having the court declare the second mortgage null and void and to have the same cancelled thus removing a cloud on the title to the premises. The holder of the first mortgage, the Bank of Greenwood, is not a party hereto, nor is the Housing Administrator, or any other loan agency, or other agency or officer of the United States. So far as appears in this cause no question is made as to the validi-

ty of the first mortgage or the papers held by the Bank of Greenwood as the same may be insured or guaranteed by the federal government. The sole question is as to the second mortgage.

The contention of the plaintiff is that since the giving of the second mortgage arises out of the transactions which led up to the negotiations and placing of a mortgage under the National Housing Act, that this court has jurisdiction of the cause. The case would be quite different if the status of the first mortgage were in question, and without actually deciding that question I am of the opinion that this court would probably have jurisdiction of an action based upon that document. But the breach here presented is quite different. The sole question is between citizens of South Carolina, one of whom alleges that he was fraudulently induced to sign certain documents and obligated himself for the payment of money, and asks to be relieved from such obligation. He alleges that the defendant, L. D. Long, procured the preparation and signature to these papers, but that the second mortgage was made to H. L. Howell, a brother-in-law of Long, and that such second mortgage was not recorded for a number of years and finally was transferred to Grove Realty and Investment Company, which apparently knew, or must have known of the defects and illegitimate birth of this second mortgage.

The allegations of the complaint present a startling and depressing picture. The court's attention has been called to the fact that this is not a single instance. It is stated in the complaint that there are some thirty odd parties in like plight, and as a matter of fact, since the commencement of this case a petition has been filed in this cause signed by fifty seven persons who claim that they have entered into similar transactions with the defendants and allege similar frauds and delusions. The intervention is sworn to by all of these parties. We are, therefore, met with allegations from fifty odd people swearing to a shocking state of affairs in connection with the National Housing Administration, assuming of course that these statements are true. Whether or not these statements are true, the Attorney General of the United States and the Federal Housing Administrator should be given an opportunity to investigate fully this entire matter. If the statements are true, then it would seem that gross frauds have been perpetrated and that the government officials have been either gullible or corrupt. If the statements are not true, then it would seem that perjury has been committed by a large number of persons and fair reputations have been unjustly besmirched. For these reasons I shall direct that a copy of this order, as well as a copy of the complaint, be forwarded to the appropriate officials so that they may take such action, either civilly, criminally, or both, as the facts may warrant. The charges in this matter are of such a nature that the reputation of the administration of the important business of public housing has been called into question; and this community, as well as the nation, is entitled to know the results of an investigation into these matters and it is hoped that a prompt investigation will be instituted and the results as promptly made public.

But such an investigation is not the province of this court and the narrow question now before me is whether the District Court has jurisdiction of the civil cause which is a complaint by the owner of the property alleging fraudulent inception of a second mortgage. The second mortgage purports to be an obligation between the parties here and is not a part of or dependent upon the National Housing Act.

As to what are matters arising under the laws of the United States is of course not always a simple question. A leading case on the subject is Gully v. First National Bank in Meridian, Miss., 299 U.S. 109, 57 S.Ct. 96, 98, 81 L.Ed. 70, in which the Supreme Court, speaking through Mr. Justice Cardozo, says:

"'A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination

of which the result depends.' Shulthis v. McDougal, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205. * * *

"To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by." Gully v. First Nat. Bank in Meridian, Miss., 299 U.S. 109, 114, 118, 57 S.Ct. 96, 100, 81 L.Ed. 70.

█ Many other cases have been cited in argument and many others could be referred to, but I think it unnecessary to go further. Is the present action a suit to enforce a right which involves a dispute or controversy respecting the validity, construction or effect of the laws of the United States? In my opinion the controversy here is not such. It is a controversy that can be decided irrespective of the terms or conditions of the federal laws. The frauds alleged to have been perpetrated to obtain a loan do come within the purview of the Act. But the frauds alleged to have been practiced upon the plaintiff in order to obtain a second mortgage are charges of misrepresentation and deceit and an action to cancel an instrument based upon such frauds will lie irrespective of the federal laws. And such an action also may be based upon the statutes of South Carolina, Code of S. C. § 878, allowing an action to be brought for the removal of a cloud on title.

The plaintiff is not deprived of his right to contest the validity of this mortgage. As a matter of fact, it has been shown that an action to foreclose the mortgage has been instituted in the Court of Common Pleas for Charleston County and the charges which he presents here may be just as fully and completely adjudicated in that court as in this court. If I felt that this court had jurisdiction of the matter I would not hesitate to hear the case and pass upon the issues, but finding as I do that it does not arise under the laws of the United States, I feel constrained to grant the motion to dismiss. Having so found it is perhaps unnecessary to discuss at any length or pass upon the other grounds argued for dismissal. However, since this case will probably be appealed it might be well for me to pass upon all questions raised.

█ An additional ground for the motion to dismiss is that the complaint does not state a cause of action against the defendant. Feeling as I do that the complaint does not arise under the federal laws and there is no federal question involved, I find that the complaint fails to state a claim on which relief can be granted in this court. This, however, is not to say that there is no claim shown since the plaintiff does distinctly allege that he has been induced to execute a second mortgage and is alleged to be obligated thereunder and is damaged thereby. If I were to find that this court had jurisdiction I would overrule the motion based solely upon the ground of the complaint not stating a cause of action.

█ An additional ground is also suggested that the court in its discretion should refuse to exercise jurisdiction because of the fact that an action involving the same questions has been started in the State Court. But the chronology in this cause shows that the case here was first instituted by the filing of a complaint and thereafter the service of a summons with that complaint. This is a case involving title to real estate and the court that first takes jurisdiction of the res is the one that is entitled to pass upon controversies affecting the same. A somewhat similar matter was decided by me in the case of City of Orangeburg v. Southern Railway Co., D. C., 45 F.Supp. 734, and affirmed by the Circuit Court of Appeals, 134 F.2d 890, and reference is had to this opinion and the various cases therein cited and relied upon.

As above stated, I shall base my order dismissing this case solely upon the ground of lack of jurisdiction because the case does not arise under the laws of the United States. In conformity with the foregoing views, it is ordered, that the above entitled cause be and the same is hereby dismissed. It is further ordered, that the Clerk do forthwith transmit a copy of this opinion and order, together with a copy of the complaint in this cause, and also a list of the names of the parties petitioning to be allowed to intervene, unto the Attorney General of the United States and to the Federal Housing Administrator.