John P. CORCORAN, Jr., Trustee for Bevis Shell Homes, Inc., B & P, Inc., and B & P Insurors, Inc., in a proceeding for corporate reorganization under Chapter X of the National Bankruptcy Act, Plaintiff,

v.

Eva B. DRAKEFORD, Charity Brown McDowell and Nancy Brown Wilson, Defendants.

Civ. A. No. AC–1301.

United States District Court
E. D. South Carolina,
Columbia Division.

Sept. 4, 1964.

Edward V. Atkinson, Sumter, S. C., for plaintiff.

Quintart Joyner, Camden, S. C., Frank Rector, Camden, S. C., for defendants, Charity Brown McDowell and Nancy Brown Wilson.

Savage & Royall, Camden, S. C., for defendant, Eva B. Drakeford.

SIMONS, District Judge.

This action was instituted in this Court on November 21, 1963 by plaintiff, John P. Corcoran, Jr., in his capacity as Trustee for Bevis Shell Homes, Inc., et al., in reorganization proceedings, under Chapter X of the Bankruptcy Act, [11 U.S.C.A. §§ 1 et seq., 501 et seq.] pending in the United States District Court for the Middle District of Florida. The Complaint alleges that in October 1961, defendant Drakeford entered into a contract with Bevis Shell Homes, Inc., [hereinafter referred to as Bevis] for the erection of a Bevis home on a six acre parcel of land in Kershaw County, S. C. as therein described, "being the identical land deeded to Charity Brown and Nancy Brown by Susie Beckham" by deed recorded in the office of the Clerk of Court for Kershaw County, South Carolina, in Book CU at page 524 on February 14, 1942; that in furtherance of the contract Bevis built a house upon said premises and Drakeford executed and delivered to Bevis her promissory note for $4100.00, payable in monthly installments of $59.90 commencing December 20, 1961, and her mortgage to secure the payment thereof; that defendant Drakeford made payments more or less as agreed through April 15, 1963; that defendants McDowell and Wilson permitted their sister, defendant Drakeford, to occupy said property and to represent it as her own; that they knew or should have known of the erection of said house and made no effort to halt its erection; and that to permit the defendants to assert ownership of said house "would be to permit unjust enrichment". The Complaint asks that the Court permit the plaintiff to remove the house from the premises, or in the alternative to give plaintiff judgment for $3000.00 as the value of the house.

The defendants McDowell and Wilson moved to dismiss the action upon the grounds: [1] that the Complaint failed to state a cause of action upon which relief can be granted; and, [2] that, prior to the commencement of this action in July 1963, said defendants commenced an action in the Court of Common Pleas for Kershaw County, South Carolina [hereinafter referred to as the state court action] against John P. Corcoran, Jr., as Trustee aforesaid, et al. to quiet the title to the identical land described in the Trustee's Complaint, and to cancel an instrument purporting to be a deed from these defendants to defendant Drakeford. In support of the motion, it is stated that the verified Complaint in

the state court action alleges that said purported deed from defendants McDowell and Wilson to defendant Drakeford was forged by agents of Bevis, and that said deed and mortgage are nullities and should be set aside as fraudulent. It is further alleged that service of the Complaint and Summons in the state court action was made upon the plaintiff Trustee herein on the 30th day of July, 1963, and that the state court thereby acquired jurisdiction of the *res* long prior to the commencement of the within action. The motion further observes that all claims of the Trustee against the moving defendants could be adjudicated in the state court action.

■ If the state court acquired jurisdiction of the action to quiet title by setting aside and cancelling the purported deed to Drakeford, and the mortgage from Drakeford to Bevis, then defendants' motion should be granted and plaintiff's action dismissed since the court that first acquired jurisdiction of the *res* in cases involving title to real estate should adjudicate the controversy. Miller v. Long, 71 F.Supp. 603 [E.D.S.C. 1945] [1] affirmed 152 F.2d 196. In City of Orangeburg v. Southern Railway Co., 134 F.2d 890 [4th Cir. 1943], the court held that:

"Under the established rule set out in Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, and in many other decisions, the court, state or federal, which first acquires jurisdiction of the subject matter of a suit in rem holds it to the exclusion of any other court until its duty is fully performed, and to that end may enjoin the parties from proceeding in any other court when the effect of action therein would be to defeat or to impair its own jurisdiction." [p. 892.]

It is undisputed that the moving defendants brought their action, and that the state court obtained jurisdiction of the

*res,* over three months before the Trustee commenced the present action. Nevertheless, the Trustee asserts that the state court action cannot be maintained because the bankruptcy court acquired jurisdiction of the debtor [Bevis] and its property in the reorganization proceedings under Chapter X; that the reorganization court's jurisdiction being summary and exclusive, the state court never acquired jurisdiction; and that the jurisdiction of this Court is properly invoked to aid the bankruptcy court in administering the debtor's [Bevis'] estate. The Court is not impressed with plaintiff's contentions.

■■ It is true that this Court would have jurisdiction to adjudicate the Trustee's claim in a plenary action under Chapter X, *if jurisdiction had not already vested in the state court,* since the Bankruptcy Act confers on District Courts throughout the United States jurisdiction to determine the issues in plenary suits, brought by the reorganization Trustee, without regard to diversity of citizenship or the amount in controversy. Williams v. Austrian, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718.

■■ It is also true, that in corporate reorganizations, the bankruptcy court has exclusive jurisdiction of the bankrupt debtor and its property wherever located, with power to adjudicate claims relating thereto, and to send its process into any state when necessary to that end. But the property in this case [the six acre parcel of land and the house thereon] is not the property of the bankrupt debtor and it, nor the Trustee [plaintiff], is in possession of same. The law is well established that exclusive jurisdiction in the reorganization court does not exist where non-residents are in possession of property under a bona fide adverse claim. A leading case is In re Mt. Forest Fur Farms of America, wherein it was held:

"No jurisdiction vests in a court of bankruptcy to adjudicate, in a sum-

---

1. At page 606 Judge Waring said: "This is a case involving title to real estate and the court that first takes jurisdiction of the res is the one that is entitled to pass upon controversies affecting the same."

mary proceeding, a controversy over property held adversely to the bankrupt estate, except by consent of the adverse claimant, or where the adverse claim is merely colorable. Unless summary jurisdiction exists, the trustee in bankruptcy must resort to plenary suit." 122 F. 2d 232 p. 238, [1941].

See also Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. In First National Bank in Houston v. Lake, 199 F.2d 524 [4th Cir. 1952], cert. den. 1953, 344 U.S. 914, 73 S.Ct. 337, 97 L.Ed. 705, the Court clearly pointed out the difference between the power of the reorganization court there, and the power of the reorganization court in the Mt. Forest Fur Farms case when, speaking through Chief Judge Parker, 199 F.2d at pp. 532–533, it said:

"Appellant fails to distinguish between the power of the reorganization court over property of the debtor which has been pledged as collateral security and which is held by the creditor merely as security for a debt and its power over property which is claimed adversely to the debtor by one who is in possession asserting absolute ownership. It is clear that the reorganization court may not exercise summary jurisdiction in the latter case but may exercise it in the former. * * * "

In Warder v. Brady, 115 F.2d 89 at page 92 [4th Cir. 1940] the Court said:

"It is well settled by decisions interpretating this section [Sec. 23 of the Bankruptcy Act as amended by the Chandler Act of June 22, 1938] that property or money held adversely to the bankrupt can only be recovered in a plenary suit and not by a summary proceeding in a bankruptcy court. The mere assertion of an adverse claim is not sufficient to oust the jurisdiction of the courts of bankruptcy, for they have power to inquire preliminarily whether the claim is so unsubstantial and obviously insufficient, either in fact or

in law, as to be plainly without merit; and if so, to dispose of it summarily. On the other hand, if the claim be found to be substantial and the property is in the possession of the claimant, the court is without jurisdiction to proceed at all even in a plenary proceeding without the consent of the defendant, unless the other conditions prescribed by the statute are met. There can be no doubt that under these authorities the claim of the special receiver in the pending case would be considered substantial and adverse within the meaning of § 23. At the time of the institution of the reorganization proceeding, the fund was not actually or constructively in the possession of the trustee, but in the possession of the special state court receiver who set up the substantial and bona fide contention that the title to the fund resided in him under the decree of the state court and not in the bankrupt.

*    *    *    *    *    *

"If the contention of the special receiver is sustained, the reorganization court will have no interest in the fund, since in such event it will constitute no part of the debtor's estate. It follows that recovery of the fund may be sought only in a plenary suit." [Citations omitted.]

See also Collier on Bankruptcy [14th Ed.] Vol. 6, ¶3.07, pp. 603–604.

The record reveals that the *res* in the instant case [the land and house in Kershaw County] is claimed adversely to the bankrupt debtor and its Trustee by the defendants McDowell and Wilson, who are asserting absolute title thereto; and that this claim is not merely colorable, but is substantial. Said defendants have vigorously contested the reorganization court's jurisdiction, and have asserted their claim in good faith.

The pleadings and exhibits presented to the Court show that the plaintiff Trustee herein is not in actual or constructive possession of the property in

question, but has only a purported lien against the real estate by way of real estate mortgage. Plaintiff's complaint alleges that the mortgage to Bevis was delivered in December 1961, and that the order approving the debtor's [Bevis'] petition in the reorganization proceedings was not made until June 1962.

Therefore, I find that this Court does not have summary jurisdiction over the *res* in question under Chapter X of the Bankruptcy Act, and cannot proceed in this matter as a summary proceeding.

I further find that the reorganization court did not have power to issue service of process by which to interfere with the prosecution of the action to quiet title in the state court.

While this court has no control over the course the Trustee may hereafter pursue, it is not amiss to observe that counsel for defendants McDowell and Wilson stated in open court at the time of the hearing on their motion and in their brief, that, if the plaintiff Trustee sought to appear and answer in their state court action, they would not claim a default, and that the Trustee would be permitted to appear and plead in the state court action. And presumably the claims which the Trustee has asserted in this Court can be asserted and adjudicated in that action.

The answer by the defendant Eva B. Drakeford, filed December 21, 1963, included a counterclaim against the plaintiff Trustee in the amount of $800.00, paid to Bevis under the terms of that certain mortgage dated October 28, 1961, executed by her to Bevis. Attorneys for this defendant were not present at the hearing held in Columbia, S. C. June 16, 1964 on her co-defendant's motion to dismiss. However, the Court is in receipt of a letter from her attorneys asking for a voluntary non-suit without prejudice as to her counterclaim.

Accordingly, it is

Ordered that the counterclaim of defendant Eva B. Drakeford be, and the same hereby is dismissed without prejudice.

In accordance with the foregoing findings and conclusions, it is, therefore,

Ordered, that the plaintiff's action against defendants, Charity Brown McDowell, Nancy Brown Wilson, and Eva B. Drakeford, be and the same hereby is dismissed.