**NORTHERN NATURAL GAS COM-
PANY, a corporation, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY, a
Corporation, Defendant.**

**Civ. A. No. 2–338.**

United States District Court
S. D. Iowa, W. D.

July 1, 1959.

Raymond A. Smith, Smith, Peterson Beckman & Willson, Council Bluffs, Iowa, Lawrence I. Shaw, F. Vinson Roach, John T. Grant, Patrick J. McCarthy, Omaha, Neb., for plaintiff.

Oscar E. Johnson, Emmet Tinley, Ross, Johnson, Northrop, Stuart & Tinley, Council Bluffs, Iowa, Gentry Lee, F. H. Bacon, R. O. Mason, Bartlesville, Okl., for defendant.

HICKLIN, District Judge.

This is an action instituted by plaintiff to require defendant under a theory of contract, or in the alternative under equitable theories of unjust enrichment, to restore to plaintiff the alleged overpayments made by plaintiff in connection with natural gas purchased from defendant. The suit was originally filed in the District Court of Iowa in and for Pottawattamie County, and defendant removed the cause to this Court on December 9, 1958. On January 9, 1959, plaintiff filed its Motion to Remand and said Motion was fully argued before this Court on April 9, 1959.

This case was removed by defendant to this Court under the authority of 28 U.S.C.A. § 1441(b), the defendant contending that the cause is one in which the Federal Courts have original jurisdiction in that it is founded on the Natural Gas Act, 15 U.S.C.A. § 717, a claim or right arising under an Act of Congress regulating commerce. Since both parties are Delaware corporations, federal jurisdiction on the basis of diversity is absent.

The sole question is whether the action is "founded on a claim or right arising under the * * * laws of the United States." 28 U.S.C.A. § 1441(b).

In determining said issue, this Court can consider only those facts which are alleged in the Petition in the State Court, unaided by any answer or by the petition for removal. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

Plaintiff's petition in substance alleges that the business of plaintiff is purchasing, transporting and selling natural gas in interstate commerce directly and for resale for ultimate public consumption. Plaintiff transports the purchased gas by an integrated pipeline system from Texas, and into and through the States of Oklahoma, Kansas, Nebraska and Iowa, and into the States of South Dakota and Minnesota. Defendant is a producer of natural gas in the Hugoton Field in Kansas and in the Guymon-Hugoton Field in Oklahoma, and sells, in interstate commerce, a portion of such gas to plaintiff for resale for ultimate public consumption.

Under dates of September 9, 1949, October 31, 1949, October 1, 1951, and March 15, 1951, plaintiff and defendant entered into gas purchase contracts.

Those contracts provide for the sale and delivery by defendant to plaintiff of natural gas to be produced from specified gas reserves in the Hugoton Field in Kansas and the Guymon-Hugoton Field in Oklahoma. The prices to be paid by plaintiff to defendant for the gas are specified in the contracts, copies of which are attached to the petition.

On July 29, 1952, and December 2, 1953, the Corporation Commissions of Oklahoma and Kansas entered Orders, purportedly effective August 1, 1952, and January 1, 1954, respectively, fixing minimum prices to be paid at the wellhead for all gas produced in the above two named Fields.

Those minimum prices were in excess of the prices which had been agreed upon by the parties in the gas purchase contracts and which were then being paid by plaintiff and were being accepted by defendant. The Minimum Price Orders imposed both civil and criminal sanctions for their violation.

For all gas produced from the Kansas Hugoton Field between January 1, 1954, and January 31, 1958, plaintiff paid defendant at the rate prescribed in the Kansas Minimum Price Order. The payments were made by checks, on the back of each of which there was set forth a condition of payment, the first of which was as follows: "Endorsed and accepted subject to conditions of a letter dated February 23, 1954, received by payee from payor pertaining to the wellhead price order of the Kansas Commission dated December 2, 1953." A copy of said letter was attached to the petition as an exhibit. Subsequent checks contained the same condition of payment except the subsequent checks made specific reference to all protest letters written prior to the date of the issuance of the check.

Plaintiff contends that by defendant's cashing of said checks on which said conditions of payment were stamped, plaintiff and defendant entered into a series of contracts wherein it was agreed that if the State Minimum Price Orders, or either of them, should finally be adjudged invalid, defendant would thereupon refund to plaintiff all overpayments made on account of such Price Orders, i. e., all payments made in excess of the contract prices.

On January 20, 1958, the Supreme Court of the United States held the Kansas Minimum Price Order unconstitutional and void, Cities Service Gas Company v. State Corporation Commission of Kansas, 355 U.S. 391, 78 S.Ct. 381, 2 L. Ed.2d 355, and on March 3, 1958, a mandate was handed down directing that the Kansas Minimum Price Order be vacated. Payments for gas received by plaintiff from defendant during the month of February, 1958, were due on March 27, 1958. From and after that date, plaintiff has paid defendant for gas at the rate set out in each contract, rather than at the higher State-fixed minimum price.

On April 11, 1955, the United States Supreme Court held the Oklahoma State-fixed Minimum Price Order invalid as applied to sales of natural gas, made at the outlet of a gasoline plant, in interstate commerce for resale for ultimate public use. Natural Gas Pipeline Company v. Panoma Corporation, 349 U.S. 44, 75 S.Ct. 576, 99 L.Ed. 866.

On April 22, 1955, plaintiff advised defendant in a letter that pending final judicial determination, plaintiff would pay defendant for gas purchased from the Guymon-Hugoton Field in Oklahoma at a rate in compliance with the Oklahoma Minimum Price Order, but that in so doing, plaintiff was making payment "under commercial duress and necessity and in the face of legal uncertainty." Thereafter each monthly check was accompanied by a copy of said letter. A copy of said letter is attached to the petition as an exhibit.

On January 27, 1958, the Supreme Court of the United States held the Oklahoma Minimum Price Order unconstitutional and void as to all sales in interstate commerce, Michigan-Wisconsin Pipeline Company v. Corporation Commission of Oklahoma, 355 U.S. 425, 78 S. Ct. 409, 2 L.Ed.2d 412, and on March 20, 1958, a mandate was issued directing the vacating of the Minimum Price Order.

The payments made by plaintiff to defendant on account of said Minimum Price Orders, in excess of the prices required under the gas purchase contracts, aggregated $2,043,353.67. Plaintiff demands refund for said alleged overpayments either on the theory (1) that contracts were created by reason of defendant's cashing checks with notice that the payments by plaintiff were conditional, and that such contracts were breached by defendant, or (2) that the overpayments to defendant were made under duress of business compulsion, and that plaintiff is therefore entitled to restitution.

Defendant, in its Resistance to Plaintiff's Motion to Remand, argues that the real question presented by plaintiff's Petition, rather than the form thereof, will determine removability. Defendant argues that the essential basic question presented by plaintiff's Petition is "what was the correct rate payable for the natural gas involved," and "that this squarely presents a Federal question under the Natural Gas Act and the orders and regulations of the Federal Power Commission and the rate filings and acceptances pursuant thereto."

Said argument has been rejected by at least two Courts, Cities Service Gas Company v. Skelly Oil Company, D.C., 165 F.Supp. 31; Pan American Petroleum Corporation v. Cities Service Gas Company, D.C.Kan.1958, 182 F.Supp. 439. Although its Petition alleges that plaintiff is a natural-gas company within the meaning of the Natural Gas Act, and that the business of plaintiff, including its transactions with the defendant, was in interstate commerce, it does not follow that the claims asserted in the Petition arose out of, or are based or founded upon the Natural Gas Act or of any of its provisions, or upon any regulations of the Federal Power Commission promulgated pursuant to the Natural Gas Act.

The question involved here is almost identical with the question presented in Cities Service Gas Company v. Skelly Oil Company, supra, and in that case Judge Layton stated:

"In Winsor v. United Air Lines, Inc., D.C., 159 F.Supp. 856, 859, this Court quoted with approval the following language of Judge Goodrich in Downing v. Howard, 3 Cir., 162 F.2d 654:

" 'It is apparent that the question which we have to settle is whether the plaintiff has stated a basis for recovery under the federal statute just mentioned. If he has, the fact that he also asserts a non-federal ground does not lose him his privilege of suing in the federal court. On the other hand, if the substance of his claim is one based on state law, the reference to the federal statute is not enough to bring him into federal court, unless he has independent grounds for coming there. * * *'

"The defendant argues that the claim here involved is founded upon the Natural Gas Act. My analysis of the facts indicates the contrary. Initially, it may be observed that nothing in the Natural Gas Act confers jurisdiction upon this Court. It is my view that, reduced to its simplest aspects, this is a contract action based upon two counts, the first of which claims that $761,054.73 is due by virtue of the letters of September 25, 1952, and September 30, 1952, whereunder the defendant agreed that, should the Supreme Court of the United States invalidate the Minimum Price Order of the State of Oklahoma, above referred to, it would refund all payments in excess of the contract price; and the second of which, based upon similar letter agreements, seeks the recovery of $16,798.52, representing the amount paid under protest by the plaintiff to the defendant in excess of the contract price.

"Now, it is conceded that in order to determine the exact amounts due, as well as other relevant questions, a construction of the Natural Gas Act and of the Commission Rules

may have to be resorted to. But as said in the Winsor case, 'Nor, * * is the fact that a federal law may or will be drawn into construction during the course of the litigation sufficient to support jurisdiction in a federal court.'

"The defendant argues at some length that Montana-Dakota Utilities Co. v. Northwestern P. S. C., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912, is authority for the proposition that jurisdiction exists in this Court. However, my examination of this decision leaves substantial doubt on this point and when doubt exists, jurisdiction should be denied. Winsor v. United Air Lines, Inc., supra." [165 F.Supp. 33.]

From the foregoing it is the opinion of this Court that plaintiff's Motion to Remand should be sustained.

It is therefore ordered and adjudged that plaintiff's Motion to Remand, filed herein on January 9, 1959, be, and the same is hereby sustained, and this cause is hereby remanded to the District Court of Iowa, in and for Pottawattamie County. Costs taxed to defendant.