Robert MURPHY, Daniel Roembach, Rosemary Darcy, Marcia McCree, Frank J. Leiker IV, Buford Edward Collinger, Peter Falion, Gideon Anders, Mary Lou Engelhardt, Thomas W. Larson, and John Hartley, Plaintiffs,

v.

Jack FACENDIA, individually and as Regional Program Officer of Volunteers In Service To America, Gil Roman, individually and as Regional Administrator of Volunteers In Service To America, Willard L. Hoing, individually and as Regional Administrator of Volunteers In Service To America, and Padraic Kennedy, individually and as Acting Director of Volunteers In Service To America, Defendants.

Civ. A. No. C–1883.

United States District Court
D. Colorado.

Dec. 31, 1969.

William H. Lewis, Denver, Colo., and Gary S. Goodpaster, Boulder, Colo., for plaintiffs.

James L. Treece, U. S. Atty., and Leonard W. D. Campbell, Asst. U. S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

Plaintiffs are eleven members of Volunteers In Service To America (VISTA) who have been assigned by VISTA to work in certain areas of Colorado and Nebraska. As a result of a discussion which began at a meeting of rural project volunteers in Colorado Springs,

Colorado on November 18, 1969, plaintiffs signed a "Declaration of Conscience" expressing their dissatisfaction with the priorities established by the Federal Government, in particular the Viet Nam war. The text of this declaration is appended hereto.

Prior to the signing of this document plaintiffs were warned by defendant Facendia, VISTA Regional program officer, and by defendant Roman, VISTA regional administrator, that persons who signed the statement would be terminated from service in VISTA. The present action was brought to enjoin VISTA from terminating plaintiffs' services, for a declaratory judgment that dismissal would violate plaintiffs' constitutional rights, and for a declaratory judgment that VISTA guidelines concerning the bounds of permissible expression by VISTA volunteers are unconstitutionally broad and vague.

Defendants have moved to dismiss this suit on the grounds that this Court has no jurisdiction over the subject matter of this case. An evidentiary hearing has been held, briefs and arguments of counsel have been considered, and the case now stands submitted.

There are problems in connection with the granting of relief in this case which ought to be noted at the outset. First of all, the plaintiffs have not been discharged and, indeed, no VISTA official having authority to do so has threatened to terminate them.[1] Thus, plaintiffs are anticipating agency action terminating their service, and it is therefore questionable whether a justiciable issue is presented. They maintain, however, that the action which has been threatened by defendants Roman and Facendia has a chilling effect on their First Amendment rights, and because of this we are considering the matter on its merits.

Still another practical problem is that the plaintiffs executed and published the "Declaration of Conscience" during an official VISTA conference and were thus seeking to utilize government time, and were seemingly seeking to make use of the VISTA organization to bolster their position. In such circumstances it is highly questionable whether their First Amendment rights can prevail over the interest of the government in carrying out its administrative functions in an orderly fashion. Be that as it may, we proceed to consider their contentions.

■ Plaintiffs rely on several jurisdictional statutes enacted pursuant to the power vested in Congress by Article III, Section 2 of the Constitution.[2] It is clear, of course, that in any cause which is claimed to have arisen under the Constitution or laws of the United States, a substantial federal question must be posed. In the absence of such a question the Federal District Courts have no jurisdiction to hear the case. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Gully v. First Nat. Bank In Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Cuyahoga River Power Co. v. Northern Ohio Traction and Light Co., 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626 (1920).

The case which the plaintiffs consider controlling in evaluating the First Amendment right asserted is the recent decision of the Supreme Court in Pickering v. Board of Education of Township High School District 205, Will County, Illinois, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). They say that this supports their position that a public employee may not be dismissed from his employment for making public statements absent a showing that the statements were made recklessly or with knowledge

---

1. Defendants Roman and Facendia were subordinate officials with no authority to fire plaintiffs or even to predict their termination, and their statements were clearly not the final determination of VISTA on plaintiffs' status. See Swift & Co. v. Wickham, 230 F.Supp. 398, 409 (S.D.N.Y.1964), aff'd, 364 F.2d 241 (2d Cir. 1966).

2. Plaintiffs rely on the general federal question statute, 28 U.S.C.A. § 1331; on the Civil Rights Act, 28 U.S.C.A. § 1343(4); and on the Administrative Procedure Act, 5 U.S.C.A. § 701 et seq.

of their falsity or that some overriding government interest is present. In *Pickering* a high school teacher had written a letter to the editor of a local newspaper which was critical of the school board's allocation of money to athletic programs in preference to academic efforts. Pickering was dismissed, and the Supreme Court held that his dismissal violated his First Amendment right to freedom of speech. The Court noted that:

> [T]he State has interests as an employer in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general. The problem in any case is to arrive at a balance between the interests of the teacher, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees. 391 U.S. at 568, 88 S.Ct. at 1734–1735.[3]

The factors which the Supreme Court determined to be important in balancing the interest of the individual to speak against the interest of the state in carrying out its functions were whether the employee's statement resulted in problems of maintaining discipline by immediate superiors or harmony among coworkers; whether the statements impeded the employee's proper performance of his duties; and whether the statements interfered with the regular operation of the governmental agency generally. The Court concluded that no state interest was impaired to the extent that the employee's First Amendment freedoms would have to be curtailed. His dismissal was held to be improper.

In *Pickering* the plaintiff was acting on his own and although he was identified as a teacher, he was not representing any group. This is far different from the condition that is present here. Plaintiffs utilized the facilities of VISTA—a VISTA sponsored meeting—to discuss and draft their anti-war resolution. Time was taken from a conference which was to be devoted to VISTA affairs and diverted to the preparation of the statement.

The statement, despite an attempted disclaimer of VISTA involvement, was clearly a concerted declaration by a group of VISTA volunteers, many of whom worked in the same geographical area. One of the prime goals of VISTA is to help build a community capable of forming and asserting its own opinions.[4] The declaration in this case could easily be taken as a statement of VISTA policy, and might well act to influence the opinions of the people with whom the volunteers work—such a result is clearly contrary to the aims and effectiveness of VISTA.

Moreover, the statement in question caused a conflict between plaintiffs and their immediate superiors, and the evoking of such conflict is one of the criteria established in *Pickering* as a cause for limiting statements of public employees.

 In short, the "Declaration of Conscience" in this action conflicted with a definite goal of VISTA, detracted time and effort from the primary work of the volunteers, promoted dissension between volunteers and their superiors, and generally interfered with the regular operation of VISTA. Accordingly, VISTA supervisors would appear to have been within the constitutional limitations on free expression by public employees in attempting to suppress the "Declaration of Conscience" and plaintiffs have not asserted a substantial claim under the First Amendment. Since there is no substantial federal question, this Court lacks jurisdiction.

 Plaintiffs have also asked for a declaratory judgment that VISTA guide-

---

3. *Accord,* Meehan v. Macy, 129 U.S.App. D.C. 217, 392 F.2d 822, 833 (1968).

4. VISTA Volunteer Handbook, OEO/VISTA Manual 4010–1, pg. 21.

lines concerning the bounds of free expression by volunteers are unconstitutionally broad and vague. However, plaintiffs have not complained that the guidelines are deterring them from making any planned, future statements, and thus denial of review at this stage will not work a hardship on plaintiffs. Toilet Goods Association v. Gardner, 387 U.S. 158, 162, 87 S.Ct. 1520, 1523, 18 L.Ed.2d 697 (1967).

Should final agency action be taken terminating plaintiffs' services or otherwise penalizing them for their conduct, the Court's present decision would not prevent plaintiffs from seeking a review of the procedures followed by VISTA and the Office of Economic Opportunity or of the punishment meted out, in case any abuse of administrative discretion is claimed.[5]

Accordingly, the motion for a temporary restraining order or injunction is denied and the complaint and cause of action should be and the same are hereby dismissed in accordance with this opinion.

## APPENDIX

## A DECLARATION OF CONSCIENCE

During the fall of 1969, millions of Americans from all walks of life and from all parts of our nation have joined together to declare their intolerance with the continuing aggression in Viet Nam and with the current administration's policy toward that aggression. Many of us have participated as private citizens in moratorium activities and in related protest actions in the past. Today we speak as individuals who are VISTA volunteers; as employees of the federal government whose prolongation of an immoral war and failure to implement effective, comprehensive policies to eliminate poverty and racism in this country we can no longer tolerate. Our primary objections are:

1) The United States spends $28 billion annually in the continued aggression in Viet Nam to support a corrupt regime which does not represent the will of the Vietnamese people. This war has cost over 40,000 American lives, untold hundreds of thousands of Vietnamese lives, and has ravaged the countryside of that small Asian nation. In this country, the federal government has funded less than $5 billion annually to the Office of Economic Opportunity toward eliminating the deep-rooted poverty present in our society. What are our national priorities?

2) The prolongation of aggression has hit hardest those individuals from poverty areas—the very people with whom we as VISTA volunteers work. Poor people suffer the greatest losses; at the same time, the government continues to spend many times the amount allocated to poverty programs in its continuation of an immoral war. What are our national priorities?

We therefore call for the following action by the federal government:

1) The immediate and unconditional withdrawal of all United States armed forces from Viet Nam.

2) The reallocation of funds employed to pursue this aggression *not* into a further build-up of U. S. military power *nor* into an expansion of our aerospace program, but into an effective and comprehensive program that will eliminate poverty in this country and extend justice and equality to *all* citizens of the United States.

We wish to emphasize that we view this action as an individual expression; one taken independently of the persons in our communities, our sponsors,

5. Dismissal would appear under the circumstances presented to be a severe sanction.

VISTA, and the Office of Economic Opportunity.

We call upon our fellow VISTA volunteers and other federal employees throughout the nation to join with us in issuing public statements calling for an immediate, unconditional withdrawal of American forces from Viet Nam.