**SAVE OUR CUMBERLAND MOUNTAINS, INC., and J. W. Bradley, in his individual capacity as a taxpayer of the State of Tennessee and as President of Save Our Cumberland Mountains, Inc.**

v.

**TENNESSEE VALLEY AUTHORITY et al.**

**Civ. A. No. 8035.**

United States District Court, E. D. Tennessee, N. D.

Oct. 25, 1972.

---

Affirmed, 6 Cir., 480 F.2d 926.

Dean Hill Rivkin, Lexington, Ky., W. P. Boone Dougherty, Bernstein, Dougherty & Susano, Knoxville, Tenn., for plaintiffs.

Robert H. Marquis, Justin M. Schwamm, Beauchamp E. Brogan, Herbert S. Sanger, Jr., T. V. A., Knoxville, Tenn., for defendants.

## ORDER

ROBERT L. TAYLOR, District Judge.

Plaintiffs seek declaratory and injunctive relief prohibiting the Tennessee Valley Authority (T.V.A.) from accepting delivery of coal from private contractors when tendered in trucks that are overloaded in violation of the Tennessee weight limitation statute, T.C.A. §§ 59–1108, 59–1112. T.V.A. denies that it has police or regulatory power over private parties to enforce state statutes. It contends that it would breach its contract with its term contractors, if it rejected a tender of delivery on the ground that the delivery truck was overloaded.

The facts are essentially undisputed. T.V.A. is a wholly-owned corporation of the United States authorized to generate electric power. It contracts with private mine operators for the purchase of coal, f. o. b. Kingston Steam Plant, in order to generate electric power at that plant. It weighs the delivery trucks before and after unloading, and it acknowledges that a "substantial number" exceed the gross maximum weight permitted under Tennessee law. None of these term contracts grant T.V.A. an option to reject delivery in overloaded trucks. It has notified the Governor of Tennessee of these violations of state law.

Plaintiff, J. W. Bradley, lives on Highway 116 over which said trucks transport coal to the Kingston Steam Plant. He deposes that around one hundred such trucks pass his house each day "practically all" of which are overloaded. He further deposes that overloading damages the state and county roads, resulting in extraordinary wear and tear on private vehicles, including his own, and creating a safety hazard to local drivers.

The T.V.A.'s motion to dismiss must be sustained. The gravamen of the complaint is the failure of T.V.A. to enforce a state statute against a non-party to this action. The facts alleged do not remotely suggest that T.V.A. is violating any federal right or immunity. See Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 939, 80 L.Ed. 1378 (1936). The state statute creates both penal and injunctive sanctions to prevent overloading. The Governor of Tennessee is charged with the responsibility for enforcing state laws, not the T.V.A. See Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed. 2d 696; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669. Accordingly, it is ordered that the motion to dismiss be, and the same hereby is, sustained. Rule 12(b)(1), (6) & (7), F.R.C.P.