515 F.Supp. 869 (1981)
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized and existing under the laws of the United States of America, Plaintiff,
v.
Larry O. BAUER and Sandra D. Bauer, his wife; and David B. Fernandez, a single man, Defendants.
CLEARWATER FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized and existing under the laws of the United States of America, Plaintiff,
v.
Ruth E. MILLS, Joyce E. Smith, and HWB Employees Federal Credit Union, Defendants.
CLEARWATER FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation organized and existing under the laws of the United States of America, Plaintiff,
v.
Richard O. WHISANANT, Debra Whisanant, husband and wife, Jack Lewis and Sharon Lewis, husband and wife, Defendants.
Nos. 80-619 Civ. T-K, 80-730 Civ. T-GC and 80-781 Civ. T-H.
United States District Court, M. D. Florida, Tampa Division.
March 9, 1981.
Susan L. Fleming of Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, Fla., Dennis P. Thompson for Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, Fla., for plaintiff.
Patrick F. Sprague, Sprague & Jeske, Tampa, Fla., for Bauers and Fernandez.
A. J. Musial Jr., Salem, Salem, Musial & Morse, Tampa, Fla., for Mills, Smith and HWB Emp. Federal Credit Union.
Peter J. T. Taylor of Taylor & Hampton, Tampa, Fla., for Whisanants.
J. Stanford Lifsey, Tampa, Fla., for Lewises.

MEMORANDUM OPINION
KRENTZMAN, District Judge.
These three cases were consolidated for hearing and determination as to subject matter jurisdiction.
Each was filed in court as nondiversity actions with alleged federal jurisdiction as one arising under the laws of the United States. Whether it does appears to be the sole question for decision.
*870 Except for the alleged federal jurisdiction, each is a "plain vanilla suit," see Sibley v. Tandy Corp., 543 F.2d 540, 543 (5th Cir. 1976), to foreclose a mortgage, which is grist for the mill in the state courts of Florida. The reason these cases are here seems apparent from reference to the case of First Federal Savings and Loan Association of Englewood v. Lockwood, 385 So.2d 156 (2 DCA Fla.1980). A copy of the opinion is attached to plaintiff's "Memorandum of Law on Jurisdiction" filed July 10, 1980, in No. 80-619 Civ. T-K in this Court. The opinion there at page 160 contains the following:
The true issue before us is not whether a due-on-sale clause may be authorized or even required in a federal association mortgage instrument, but whether the due-on-sale clause must be automatically enforced by a state court without regard to traditional principles of equity. In other words, where a federal savings and loan mortgage instrument includes an acceleration clause exercisable at the option of the lender, and the lender elects to activate the clause and, subsequently, to place the matter before a state court in an effort to obtain equitable relief in foreclosure, must the state court grant the desired relief without recourse to traditional equitable considerations? We answer the question by stating that a plaintiff who initiates a suit in equity must be subject to all of the applicable consequences of that action and not merely those to which he chooses to submit. This is especially true in the instant case where applicable federal regulations exhibit a noticeable gap in the area of enforcement.
For the reasons set out above, we hold that the trial court was correct in denying First Federal the right to foreclose its mortgage absent any allegation or proof of impairment of security. We therefore affirm the final order.
(Footnote reference omitted)
Each case here alleges that the Federal Home Loan Bank Board, pursuant to authority from Congress, by resolution having the effect of law, authorized federal savings and loan associations to include a due-on-sale provision in their mortgage contracts and they respectively allege that:
[R]egulation of the lending practices of federally chartered savings and loan associations has been pre-empted by federal law ... and by the fact that the action is based in part on a violation of [the due-on-sale provision] which paragraph is regulated and provided for by federal regulation ....
From paragraph 3 of Complaint in 80-619 Civ. T-K.
Plaintiff is ... subject to the supervision and regulation of the Federal Home Loan Bank Board under the Home Owner's Loan Act of 1933, as amended (12 U.S.C. § 1464(a)), [and]
The loan transaction between Plaintiff and Defendant ... was a loan made upon the security of a first lien upon residential real property upon authority of 12 U.S.C. § 1464(c)(1)(B) and 12 CFR § 545.6-2.
From paragraphs 4-5 of Complaints in 80-730 Civ. T-GC and 80-781 Civ. T-H.
Upon consideration and for the reasons given, the Court is of the opinion that it lacks subject matter jurisdiction in each of said cases and that it should be dismissed.
As stated in Wright, Miller & Cooper's discussion of Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936):
Lower courts lean heavily on Gully because it is the last comprehensive discussion by the Supreme Court of the meaning of "arising under" and because of the eloquent language used by Justice Cardozo on behalf of a unanimous court.
13 Wright, Miller & Cooper, Federal Practice and Procedure § 3562, at 405 (1975). See also Mays v. Kirk, 414 F.2d 131 (5th Cir. 1969).
Gully was a removal case, otherwise paragraph one of the syllabus thereto, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70, correctly states the decision therein as applicable to the question for discussion here. It is as follows:

*871 To constitute a case arising under the Constitution or laws of the United States, within the meaning of the removal statute, Jud.Code, § 28, 28 U.S.C. 71, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action; the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another; a genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer, by the petition for removal, or by allegations in the complaint itself which go beyond a statement of the plaintiff's cause of action and anticipate or reply to a probable defense.
Plaintiffs here contend that they have a right (the due-on-sale clause) which was created by a federal regulation having the effect of law. Assuming the option given plaintiffs to include the due-on-sale clause in their respective mortgage contracts does amount to a "right," it is clear that neither of these cases is a suit which "really and substantially involves a dispute or controversy as to a right which depends upon the construction or effect of some law of the United States," or that either suit arose out of any such controversy or that a decision of either case depends upon such construction. See Mays, supra, at 134.
The Clerk is directed to dismiss each case for lack of subject matter jurisdiction.