**The PEOPLE of the State of Colorado, ex rel. HAL D. et al., Plaintiffs,**

v.

**The NINE MILE CANAL COMPANY, Defendant.**

**No. 93–C–1123.**

United States District Court, D. Colorado.

Aug. 12, 1993.

---

Wendy Weiss, First Asst. Atty. Gen., Denver, CO, for plaintiffs.

Wayne Schroeder, Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER REMANDING CASE

CARRIGAN, District Judge.

The State of Colorado commenced two separate actions in Colorado District Court, Water Division 2, to enjoin the Nine Mile Canal Company and the Highland Ditch Company from diverting water. On May 26, 1993, the defendants removed the cases to this court pursuant to 28 U.S.C. § 1441(b). The cases were docketed here as no. 93–C–1123 and no. 93–C–1124. The state filed motions to remand both actions, asserting that there is no basis for federal jurisdiction. Defendants oppose those motions.[1]

The issues have been fully briefed and oral argument was heard July 16, 1993. Jurisdiction is alleged under 28 U.S.C. § 1331.

### I. *BACKGROUND.*

Colorado allocates water through a highly developed body of statutory and common law. The state is divided into seven divisions representing its major drainage basins. Colo.Rev.Stat. § 37–92–201 (1990 Repl.Vol. 15). Within each division is a district court with exclusive jurisdiction over that division's water litigation. Colo.Rev.Stat. § 37–92–203 (1990 Repl.Vol. 15). Each division also has a division engineer who is enjoined by statute to "perform such functions as are specified in this article...." Colo.Rev.Stat. § 37–92–202(2) (1990 Repl.Vol. 15).

Under Colorado law allocation of water is anchored to the doctrine of prior appropriation. *See South Adams County Water and Sanitation Dist. v. Broe Land Co.,* 812 P.2d 1161 (Colo.1991). Division engi-

---

**1.** The two cases and accompanying briefs are identical in virtually every respect, therefore this order applies to both remand motions.

neers are required to order holders of junior water rights to stop diverting water if that water is required by holders of senior rights. Colo.Rev.Stat. §§ 37–92–501 and 502 (1990 Repl.Vol. 15). If a water user fails or refuses to comply with such an order, the state engineer and division engineer are required to seek injunctive relief in the appropriate water court. Colo.Rev.Stat. § 37–92–503 (1990 Repl.Vol. 15).

Highland and Nine Mile hold rights to divert water from the Purgatoire River which discharges into the Arkansas River in southeastern Colorado. A few miles downstream from the confluence of the two rivers is the John Martin Reservoir.

■ The allocation of water within the Arkansas River drainage basin is controlled, in part, by the Arkansas River Compact (the Compact), a contract between Kansas and Colorado approved by Congress on May 31, 1949, 63 Stat. 145 (1949),[2] and incorporated as part of Colorado's statutory law. Colo. Rev.Stat. §§ 37–69–101 through 106 (1990 Repl.Vol. 15).[3]

Highland and Nine Mile maintain that under the Compact, holders of senior rights may not call for water through the reservoir—that is, require holders of junior rights upstream from the reservoir to stop diverting water—until all "conservation storage water" has been physically released from the reservoir.

In 1980, the Arkansas River Compact Administration (ARCA), an interstate agency created by the Compact, § 37–69–103, adopted an Operating Plan under which conservation storage water in the reservoir is reclassified into accounts held by various water users prior to being physically released. When all the conservation storage water is reclassified, the reservoir is deemed empty of such water even though, in actuality, water may remain stored in the reservoir. Down-

stream seniors may then call through the reservoir. Highland and Nine Mile hold rights subject to such calls.

On June 8, 1992, Highland and Nine Mile commenced an action in this court, docketed as no. 92–C–1151, to enjoin the state from curtailing their diversions while conservation storage water physically remains in the reservoir, alleging that the Operating Plan is *ultra vires*. That case has been stayed for nearly a year pending a decision by the Supreme Court in *Kansas v. Colorado*, No. 105 Original (U.S.1985 Term). *Highland Irrigation Co., et al v. the Arkansas River Compact Administration*, 92–C–1151 (D.Colo. August 20, 1992).[4]

This past spring conservation storage water in the John Martin Reservoir had been released into individual accounts by late April. On April 26, 1993, holders of rights senior to those held by Highland and Nine Mile, but downstream from the Reservoir, called for water. Conservation storage water still remained within the reservoir. The state ordered Highland and Nine Mile to stop diverting water. They refused to comply, asserting that the Operating Plan is invalid under the Compact. As required by statute, the state engineer and district engineer commenced these actions in Colorado district court, Water Division 2.

## II. ANALYSIS.

The state seeks to have the actions remanded to state court, arguing that there is no basis for federal jurisdiction.

A civil action commenced in state court alleging claims within the original jurisdiction of federal district courts may be removed to the appropriate court under 28 U.S.C. § 1441. Federal district courts have original jurisdiction over actions "arising under" the laws of the United States. 28 U.S.C. § 1331.

---

2. Article I, § 10, cl. 3 of the United States Constitution provides in pertinent part: "No state shall, without the consent of Congress, ... enter into any Agreement or Compact with another State...."

3. The Compact preempts conflicting state law dealing with the same subject. *Frontier Ditch v.*

*S.E. Colo. Water Conservancy Dist.*, 761 P.2d 1117 (Colo.1988).

4. A motion to reopen was denied by order dated May 27, 1993. A second motion to reopen is pending.

■ Whether a case arises under the laws of the United States is determined from the plaintiff's complaint, unaided by statements alleged in anticipation of defenses that the defendant may raise. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). The so-called well-pleaded complaint rule is satisfied when the complaint reveals that "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

However:

"[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Board,* 463 U.S. at 14, 103 S.Ct. at 2848.

■ Defendants argue that in order to determine whether the state may enforce its order, a court must construe federal law, *i.e.,* the Compact.[5] Defendants rely principally on *California Tahoe Regional Planning Agency v. Jennings,* 594 F.2d 181 (9th Cir. 1979), *cert. denied California Tahoe Regional Agency v. Jennings,* 444 U.S. 864, 100 S.Ct. 133, 62 L.Ed.2d 86 (1979), and *League to Save Lake Tahoe v. Tahoe Regional Planning Agency,* 507 F.2d 517 (9th Cir.1974), *cert. denied Raley v. League to Save Lake Tahoe,* 420 U.S. 974, 95 S.Ct. 1398, 43 L.Ed.2d 654 (1975).

In *League,* the Sierra Club and others brought suit against an agency created by the Tahoe Regional Planning Compact alleging that the agency had failed to comply with legal requirements of the Tahoe Compact. 507 F.2d at 518–19. After examining the Supreme Court's certiorari jurisdiction with respect to interstate compacts, the court found that interpreting the compact presented a federal question.

In *Jennings,* the same agency sued by the Sierra Club in *League* joined with the Sierra Club to sue Douglas County, Nevada and various private entities alleging that they had violated the Tahoe Compact. At issue was a land use ordinance adopted by the agency. The Ninth Circuit found that the dispute presented a federal question.

In both *Jennings* and *League,* however, the plaintiffs brought suit alleging that the Tahoe Compact had been violated. In the instant cases, the state brought suit, as it must under Colorado law, seeking to enforce orders issued by the district engineer pursuant to state authority. Moreover, unlike *Jennings* and *League,* both of which involved *interstate* disputes, this is essentially an *intrastate* dispute among holders of Colorado water rights as to who is entitled to divert water.

Defendants, of course, contend that the orders are invalid under the Compact. That, however, is merely a defense based on federal law. The parties have not presented, nor has the court's independent research revealed, any authority to support the proposition that an essential element of the state's case would be to establish the validity of the orders.

Defendants maintain that the state refers to federal law in its complaints, citing the following paragraph:

"The Division Engineer's orders, issued pursuant to state law, the Arkansas River Compact, and the 1980 Operating Plan, are lawful and valid. Adoption of the 1980 Operating Plan was within the Arkansas River Compact Administration's authority under the Arkansas River Compact to adopt an operating plan to more efficiently utilize the water stored in John Martin Reservoir." (*People v. Nine Mile Canal Co.,* case no. 93–C–1123, complaint ¶ 13; *People v. Highland Irrigation Co.,* case no. 93–C–1124, complaint ¶ 14.)

At the time the complaint was drafted, the state was aware of the defendants' action in case no. 92–C–1151 challenging the validity of such orders. It was also aware that the

5. However, in their complaint in 92–C–1151, Highland and Nine Mile refer to the Compact as

evidence that the state is acting "under color of *state* law." (Emphasis added.)

defendants had refused to comply because they believe that the orders the state seeks to enforce are invalid under the Compact. Therefore it is clear that the above quoted paragraph merely anticipates a likely defense and, as the United States Supreme Court made clear in *Franchise Tax Board*, anticipating a defense based on federal law is not sufficient to support "arising under" jurisdiction.

The court concludes that the plaintiffs' complaints do not present a federal question. Accordingly, IT IS ORDERED that:

(1) Plaintiffs' motion to remand case no. 93–C–1123 is granted; and

(2) Plaintiffs' motion to remand case no. 93–C–1124 is granted.