Lisa MASSAD, Plaintiff,

v.

Sarah GREAVES, Defendant.

No. 07–cv–1773 (JBA).

United States District Court,
D. Connecticut.

April 7, 2008.

Alan R. Messier, John J. Ghidini, III, Messier & Massad, LLC, New London, CT, for Plaintiff.

Richard M. Franchi, New Haven, CT, for Defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

JANET BOND ARTERTON, District Judge.

Lisa Massad initiated this common law tort action in the Connecticut Superior Court with a return date of July 25, 2006. Defendant Sarah Greaves answered, filed counterclaims, and then removed on November 30, 2007 to this Court pursuant to 28 U.S.C. § 1441 on the basis of her Fair Debt Collection Practices Act counterclaim. Massad now moves to remand, arguing untimely removal and lack of subject matter jurisdiction, in that 28 U.S.C. § 1331 federal question jurisdiction does not arise on the basis of a counterclaim. For the reasons set forth below, plaintiff's motion will be granted.

Massad alleges that in post-judgment proceedings following a stipulated judgment against Greaves's father, the defendant deliberately gave fraudulent information to state marshals and caused baseless grievances and governmental investigation requests. Ms. Massad asserts two state common law counts against Greaves: first, a claim stemming from misleading information which Greaves allegedly gave to a Connecticut marshal attempting to serve process upon Greaves's father; and second, a claim of intentional interference with a business expectancy. In Greaves's counterclaims, she asserts a Fair Debt Collection Practices claim, 15 U.S.C. § 1692 *et seq.*, and removed to this Court claiming that her counterclaim confers 28 U.S.C. § 1331 federal question subject matter jurisdiction over the action.

## II. Subject Matter Jurisdiction

Massad now moves to remand the action to the Connecticut courts, arguing that § 1331 subject matter jurisdiction arises only from the claims pleaded in a plaintiff's complaint, and not from a counterclaim. Greaves, who does not dispute that a counterclaim cannot confer jurisdiction but argues that plaintiff has carefully pled her state law tort claims in an attempt to

obscure her genuine cause of action under 18 U.S.C. § 4, the criminal prohibition against misprision of felonies. Therefore, according to Greaves, because a proper reading of Massad's complaint yields the well-plead, albeit completely invisible, federal claim, this Court has subject matter jurisdiction.

■ Unlike state courts, which are courts of general jurisdiction, "[t]he district courts of the United States ... are courts of limited jurisdiction," empowered to hear only the narrow range of topics limned by the Constitution and Congress, *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 125 S.Ct. 2611, 2616, 162 L.Ed.2d 502 (2005). In relevant part, federal subject matter jurisdiction encompasses "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The Supreme Court has explained that "arising under" means that the federal claim "must be an element, and an essential one, of the plaintiff's cause of action," rather than merely a defense, *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70 (1936), a principle which has been come to be known as the "well-pleaded complaint rule." As well, federal claims raised in counterclaims "cannot serve as the basis for 'arising under' jurisdiction," *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (internal quotations and citations omitted) (alteration in original). Thus, the well-pleaded complaint rule "makes the plaintiff the master of the claim; *he or she may avoid federal jurisdiction by exclusive reliance on state law*" if he or she so desires, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added).

Since the counterclaim provides no basis for removal, Ms. Greaves argues that Massad has purposefully avoided pleading the federal issue which is at the heart of this case: misprision of a felony, prohibited by a section of the United States criminal code, 18 U.S.C. § 4, which would confer federal subject matter jurisdiction.

■ Apart from the defendant's unfounded view of a plaintiff's obligation to plead all federal claims available to her, her argument is fatally flawed because federal criminal statutes cannot provide plaintiff with an implied civil cause of action to plead. In *Cort v. Ash*, the Supreme Court held that "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone" does not provide an implied cause of action which may be pled by a civil litigant, noting that to permit civil litigants to base their actions upon criminal statutes which do not explicitly provide for civil causes of action "is to find an implied civil right of action for every individual, social, or public interest which might be invaded by violation of any criminal statute." 422 U.S. 66, 79, 80, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) (internal quotation and citation omitted). *See also Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 191, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (explaining that "[t]here would be no logical stopping point" to a rationale which finds an implied cause of action in each section of the federal criminal code, for "[e]very criminal statute passed for the benefit of some particular class of persons would carry with it a concomitant civil damages cause of action").

The criminal statute at issue here, 18 U.S.C. § 4, reads as follows in its entirety:

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority un-

der the United States, shall be fined under this title or imprisoned not more than three years, or both.

The language of the statute contains no express provision permitting a civil litigant to initiate a lawsuit in the courts of the United States on the basis of the conduct prohibited in § 4. Instead, the language describes a criminal offense carrying with it two possible punishments: fines and imprisonment. Given that the statutory language does not contain an express civil cause of action, and the Supreme Court has made clear that courts are not to read implied civil causes of action into criminal statutes, the defendant is plainly incorrect in her contention that Ms. Massad could have pled 18 U.S.C. § 4 as the basis for her suit. Therefore, removal on the basis of the "well-pleaded complaint rule" fails.

### III. Timeliness of Removal

Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." Clearly, Ms. Greaves effected this removal outside the statutory timeline, but she defends her untimely removal by asserting, without citation, that § 1446(b) "does not come into play when the exception of 'artful pleading' is found by the court as the underlying federal question jurisdiction needs to be exposed, in this case during discovery, which was well passed [sic] the thirty day period." Def.'s Opp. [Doc. # 16–1] at 2. Inasmuch as the Court has found defendant's claim of subject matter jurisdiction under the artful pleading doctrine legally deficient, removal was untimely.

### IV. Costs and Fees

The plaintiff seeks reimbursement from the defendant for the costs incurred in moving to remand the case to the Superior Court. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has interpreted the language of § 1447(c) to mean that "[a]bsent unusual circumstances," a court may award fees "only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Inasmuch as defendant's removal was untimely and without any legal basis as predicated either on the counterclaim or 18 U.S.C. § 4, defendant as the removing party lacked an objectively reasonable basis for doing so. The defendant will therefore bear the plaintiffs' costs and fees for plaintiff's successful remand motion. The plaintiff may submit her affidavit of fees and costs sought, with appropriate documentation, to the Connecticut Superior Court to which this case is remanded.

### V. Conclusion

For the reasons set forth above, the plaintiff's motion to remand (Doc. # 14) is GRANTED. The Clerk is directed to remand this case to the Connecticut Superior Court for the Judicial District of New London at New London.

IT IS SO ORDERED.