NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 24, 2008[*]

Decided August 28, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 07-3334 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| MICHAEL JOE CHAPMAN, *Plaintiff-Appellant,* | |
| *v.* | |
| AIRLEAF PUBLISHING AND BOOK SELLING and BRIEN JONES, *Defendants-Appellees.* | No. 1-06-cv-1052-DFH-JMS<br>David F. Hamilton, *Chief Judge.* |

**Order**

Michael Chapman published a 47-page book, "History of the World and Good or Evil Since the Garden of Edon" [sic], through Airleaf Publishing and Book Selling. This appears to be a trade name; it may be a division of either Bookman Marketing LLC or Airleaf LLC. It is hard to pin down Airleaf's legal status because it is defunct. Before closing its doors at the end of 2007 Airleaf was accused by authors, as well as state and local officials in Indiana, of failing to print and distribute books that had been paid for (Airleaf was part of the "vanity press") and of failing to remit royalties when books were sold. See http://airleafvictims.blogspot.com/2007/12/airleaf-publishing-self-publishing.html.

Chapman, who has received $9 in royalties to date, accuses Airleaf of underpaying; Airleaf responded (before its attorneys, who like Chapman were not paid, withdrew from the litigation) that only two copies had been sold. Chapman maintains, however, that because at least 20 web sites (including Barnes & Noble, where its sales rank is 728,827) list his book for sale, Airleaf must have sold hundreds of copies and might have sold tens of thousands. To this Airleaf replied that these booksellers do not stock

---

[*] The appellees did not file a brief. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 31(c), 34(a); Cir. R. 31(d), 34(f).

Chapman's volume but order only after a sale. Yet Amazon's web site reported on July 24, 2008, that it had two copies in stock, so this cannot be entirely right.

Although Airleaf is out of business, it does not appear to be a debtor in bankruptcy, so the automatic stay, 11 U.S.C. §362, does not affect this litigation. And a second defendant, Brien Jones, still operates book-related businesses, see http://www.brienjones.com/, though the relation of Jones to Airleaf is not developed in Chapman's complaint or appellate brief.

Contending that Airleaf has violated the copyright laws by failing to pay all royalties, Chapman invoked federal jurisdiction under 28 U.S.C. §1331 and §1337. The district court dismissed this claim under Fed. R. Civ. P. 12(b)(6) because Chapman conceded that he had authorized Airleaf to print and distribute the book, and it then relinquished supplemental jurisdiction over state-law claims such as breach of contract.

Chapman's *pro se* brief in this court asserts only one theory: that Airleaf must have sold more than two copies, so it must owe him additional royalties. This is a claim for breach of contract, not for copyright infringement. Indeed, the complaint in the district court asserts no theory other than breach of contract. How much a publisher owes under a license depends on state rather than federal law. See *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1194–95 (7th Cir. 1987); *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 824, 828 (2d Cir. 1964) (Friendly, J.). Chapman's claim "will [not] be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another". *Gulley v. First National Bank*, 299 U.S. 109, 112 (1936). Chapman apparently believes that, if an agreed royalty is not paid, then the license should be ignored and the claim treated as one for infringement, but this kind of artful pleading did not succeed in *T.B. Harms* and is unsound. It is just an attempt to disguise the real nature of a dispute about how much is owed in royalties. Because the complaint alleges that Chapman authorized Airleaf to print and sell the book, Chapman has admitted that the claim does not arise under federal law.

Nonpayment may allow an author to rescind a license and prevent *future* copying and sale of his work. That would create a genuine claim under federal law, if the ex-licensee went on printing and selling the work. See *Vincent v. City Colleges of Chicago*, 485 F.3d 919 (7th Cir. 2007). But Chapman does not allege that he revoked the license, and Airleaf is not now making new copies of Chapman's work—or anyone else's.

A claim for money supposedly due as royalties belongs in state court. The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for lack of jurisdiction.