**E.G. HELM, Jr., in his Official Capacity as Chief of the Jefferson County, Kentucky, Police Department, Movant/Appellant,**

v.

**LOUISVILLE TWO–WAY RADIO CORPORATION, Respondent/Appellee.**

Supreme Court of Kentucky.

April 19, 1984.

William T. Warner, Suzanne M. Warner, David J. Beyer, Nold, Mosley, Clare, Hubbard & Rogers, William L. Hoge, III, Hoge & Major, Louisville, for movant/appellant.

John T. Ballantine, Scott T. Wendelsdorf, Ogden, Robertson & Marshall, Louisville, for respondent/appellee.

STEPHENSON, Justice.

E.H. Helm, Jr., in his official capacity as chief of the Jefferson County Police Department filed suit against Louisville Two-Way Radio Corporation, a commercial system, seeking injunctive relief for interference with police broadcasts. The trial

court dismissed the action for lack of jurisdiction. We granted transfer and affirm.

The complaint by Helm against Two-Way Radio alleged that in January 1983 the entire radio communication system of the Jefferson County Police Department was interrupted for a period in excess of one hour due to wrongful interference caused by Two-Way Radio.

Further it was alleged that the interruption and interference placed the life and safety of the citizens of Jefferson County and the life and safety of the officers of the Jefferson County Police Department in jeopardy as the interference prevented calls for assistance from being transmitted to officers in the field and prevented officers from calling for assistance if needed; that Two-Way Radio is causing its business to be operated in an unreasonable manner as a dangerous nuisance. Finally an allegation that such interference has occurred on numerous instances in the past, that Two-Way Radio has failed and refused to correct the deficiencies in its operation.

The prayer of the complaint asked for a restraining order and upon hearing that Two-Way Radio be enjoined from operating its radio transmitter in a manner which causes interference or interruption of the county police radio communication system.

A temporary restraining order was issued. While the case was pending on a motion to dismiss, there was a motion to hold Two-Way Radio in contempt for an incident on April 7, 1983, which was described as severe interference with the police radio. The affidavit filed with the motion alleged that this interference prevented an officer engaged in pursuit of suspected car thieves from securing assistance. The trial court did not take action on this motion and on April 19 entered an order dismissing the case for lack of subject matter jurisdiction. The opinion and order recited that frequency interference regulation cases are exclusively Federal and the state has no authority to exercise jurisdiction.

Helm, in addition to the complaint filed here, sought relief from the Federal Communications Commission. After an investigation and considering technical reports, the Commission made the following Enforcement Case Report:

"A. The Louisville [Two-Way Radio] facilities are operating within our rules.

B. Louisville [Two-Way Radio] has added filters and a circulator to eliminate any interference which may have been caused; and

C. Our field people did not observe any interference on Jefferson [Helm] by Louisville [Two-Way Radio] during a four day visit to the area, June 20 to June 23, 1983.

"Accordingly, we plan no action at this time, but will keep the case open in the event that Jefferson [Helm] alleges interference in the future."

It is in this posture we review the arguments of the parties. Helm acknowledges the preemption by Congress of radio communications, 47 U.S.C. § 151 et seq., but argues the congressional grant of jurisdiction to the Federal Communications Commission is not exclusive. Helm asserts common law nuisance, as alleged by his complaint, is outside the jurisdiction of the Commission and that state courts possess jurisdiction to try out this cause of action.

In urging us to hold that the Commission does not have exclusive jurisdiction, Helm relies on three cases. *Radio Station WOW, Inc. v. Johnson,* 326 U.S. 120, 65 S.Ct. 1475, 89 L.Ed. 2092 (1944); *Regents of the University System of Georgia v. Carroll,* 338 U.S. 586, 70 S.Ct. 370, 94 L.Ed. 363 (1949); and *Head v. New Mexico Board of Examiners in Optometry,* 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963). We have examined these cases and are of the opinion none of them are applicable to the factual situation here.

*Johnson* dealt with fraud in the transfer of the station. The Supreme Court held that the Communications Act did not dislodge the power of the state court to deal with fraud merely because licensed premises were involved.

*Carroll* held that the state court was the proper forum to adjudicate contract claims arising from the sale of a radio station.

*Head* dealt with a state court's jurisdiction to proscribe eyeglass advertising, holding that state regulation of professional advertising on radio stations is a proper exercise of a state's regulatory powers.

It is apparent that none of the three cases touches on the problem here. None of them even hint at the extent of Federal jurisdiction over radio interference caused by a licensed radio transmission. It is in this respect that we believe the action of common law nuisance is inapplicable. To control, regulate, or prohibit radio transmissions of a station licensed by the Federal Communications Commission is beyond the jurisdiction of a state court.

The relief asked by Helm to bring this fact situation within the jurisdiction of the state court on the theory of common law nuisance would necessarily involve prohibiting or controlling radio transmissions. This regulatory power has been preempted by Congress in a situation such as we have here, and the common law nuisance remedy is not sufficient to give the state court jurisdiction.

Helm's remedy is with the Federal Communications Commission and not in the courts of this Commonwealth.

The trial court properly ruled that it did not have jurisdiction.

The judgment is affirmed.

All concur.