803 P.2d 124

**Arthur R. STILL and Beatrice Still, husband and wife, Plaintiffs/Appellants,**

**v.**

**Joseph MICHAELS, III and Miriam R. Michaels, husband and wife; Radio License Number W4DDV, Defendants/Appellees.**

**No. 2 CA–CV 90–0051.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 21, 1990.

Review Denied Jan. 8, 1991.

Roylston & Roylston by George R. Roylston, Tucson, for plaintiffs/appellants.

Gust, Rosenfeld & Henderson by Bruce L. Dusenberry, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

Arthur and Beatrice Still appeal from an order dismissing their private nuisance action because the trial court lacked subject matter jurisdiction.

## FACTS

The Michaels operate a "ham" radio at their home. Joseph Michaels is an amateur radio operator duly licensed by the Federal Communications Commission (FCC). See 47 CFR §§ 97.1 et seq. The Stills live next door to the Michaels and have experienced, among other disruptions, radio and television reception interference due to the radio transmissions made by the Michaels. The Stills filed a complaint based on a private nuisance theory. They requested a preliminary injunction and an order of abatement prohibiting the Michaels from making further transmissions. The trial court dismissed the action for lack of subject matter jurisdiction, finding that the FCC had exclusive jurisdiction over the matter. This appeal followed.

## ISSUE

The sole issue on appeal is whether the trial court erred in granting the motion to dismiss because federal regulation of radio frequency interference (RFI) matters is exclusive. We affirm.

## DISCUSSION

*Preemption*

Federal law will preempt state law where an express provision or a

scheme of regulation evinces congressional intent to occupy a particular field of regulation. *El Paso Natural Gas Co. v. Mohave County,* 133 Ariz. 59, 649 P.2d 262 (1982). When Congress acts to preempt the field, its powers are complete by virtue of the Supremacy Clause of the United States Constitution art. VI, cl. 2. The Federal Communications Act is such preemptive legislation.

> The Federal Communications Act [47 U.S.C. §§ 151 et seq.] constitutes a plenary exercise of the federal government's power to occupy and regulate the broadcast industry. [Citation omitted.] Pursuant to that Act, Congress delegated comprehensive powers to the FCC to administer a "unified and comprehensive regulatory system for the industry." *Federal Communications Commission v. Pottsville Broadcasting Co.,* 309 U.S. 134, 137, 60 S.Ct. 437, 439, 84 L.Ed. 656 (1940); see also *National Broadcasting Co. v. United States,* 319 U.S. 190, 217, 63 S.Ct. 997, 1009, 87 L.Ed. 1344 (1943).

*Blackburn v. Doubleday Broadcasting Co., Inc.,* 353 N.W.2d 550, 552 (Minn.1984).[1]

The Stills contend that despite pervasive FCC regulation in this area, a state is not precluded from remedying a nuisance caused by a federally regulated activity. In answering this argument, we must determine whether Congress intended to share regulatory power with the states in the area of RFI regulation. 47 U.S.C. § 302a states that the FCC may:

> make reasonable regulations (1) governing the interference potential of devices which in their operation are capable of emitting radio frequency energy by radiation, conduction, or other means in sufficient degree to cause harmful interference to radio communications; and (2) establishing minimum performance standards for home electronic equipment and systems to reduce their susceptibility to interference from radio frequency energy. Such regulations shall be applicable ... to the use of such devices.

 The cases considering this issue agree that the FCC has exclusive federal jurisdiction over the resolution of RFI matters. *Helm v. Louisville Two–Way Radio Corp.,* 667 S.W.2d 691 (Ky.1984); *Blackburn v. Doubleday Broadcasting Co., Inc.,* supra; *Smith v. Calvary Educational Broadcasting Network,* 783 S.W.2d 533 (Mo.App.1990). We agree with the rationale of the *Blackburn* court, that:

> [T]he question becomes whether enforcement of the instant state law claim would be inconsistent with [congressional] intent. Plaintiffs here are seeking damages and injunctive relief because [radio] signals allegedly constitute a nuisance by interfering with their reception of other desired signals. To resolve that claim, the state court would be required to determine just what level of interference, if any, is inappropriate between these broadcasters. That, however, is precisely the subject matter which lies within the exclusive regulatory jurisdiction of the FCC. It is quite apparent, therefore, that the state court may reach results which conflict with the regulations imposed on defendants by the FCC. Such a result is clearly irreconcilable with Congress' expressed intent that the FCC should exercise exclusive jurisdiction over regulating this subject matter.

353 N.W.2d at 556.

Because we find that the FCC's regulation is exclusive in the area of amateur radio operations, the trial court's order dismissing the action is affirmed.

The Michaels' request for attorney's fees is denied.

FERNANDEZ, C.J., and ROLL, P.J., concur.

---

1. For purposes of this case, we find no meaningful distinction between "broadcast" radio transmissions and "amateur" radio transmissions. See 47 U.S.C. § 153.