**Arthur R. STILL and Beatrice Still, husband and wife, Plaintiffs,**

**v.**

**Joseph MICHAELS, III, and Miriam R. Michaels, husband and wife, Defendants.**

**No. CIV 91–237–TUC–RMB.**

United States District Court, D. Arizona, Tucson Division.

March 11, 1992.

George R. Roylston, Roylston & Roylston, Tucson, Ariz., for plaintiffs.

Bruce L. Dusenberry, Gust Rosenfeld, Tucson, Ariz., for defendants.

## ORDER

BILBY, District Judge.

Plaintiffs Arthur B. Still and Beatrice Still, husband and wife, bring this action for nuisance as a result of Defendants' use of a radio transmitter ("ham" radio). Named as Defendants are Joseph Michaels, III and Miriam R. Michaels, husband and wife, and the Federal Communications Commission. Upon motion of Plaintiffs, the FCC was dismissed from this action. *See Still v. Michaels*, CIV–90–237–TUC–RMB (D.Ariz. Jan. 15, 1992). Before the Court is a Motion to Dismiss the remaining Defendants. Upon review of the Complaint, this Court finds that Plaintiffs have failed to state a cause of action upon which relief can be granted, and hereby dismiss.

### I.

The Michaels operate a "ham" radio at their home. Joseph Michaels is an amateur radio operator, duly licensed by the Federal

Communications Commission ("FCC"). The Stills live next door to the Michaels and have experienced, among other disruptions, radio and television reception interference as a result of the Michaels' radio transmissions.

The Stills filed a complaint in state court based upon a private nuisance theory. The Stills requested a preliminary injunction and an order of abatement prohibiting the Michaels from further transmissions. The trial court, in finding that the FCC had exclusive jurisdiction over the matter, dismissed the action for lack of subject matter jurisdiction. The Arizona Court of Appeals affirmed. The court reasoned that the FCC has exclusive federal jurisdiction over the resolution of radio frequency interference ("RFI") matters, and that therefore the state courts were precluded from remedying alleged private nuisance caused by interference from the operation of a "ham" radio. *See Still v. Michaels*, 166 Ariz. 403, 803 P.2d 124 (App.1990).

On April 26, 1991, the Stills brought the present action in federal district court. The Stills allege three causes of action: Count I—interference with quiet enjoyment (nuisance); Count II—decreased property values; and Count III—health hazards as a result of the electro-magnetic fields generated by the Michaels' radio system. These counts arise out of the law of common law nuisance.

## II. ANALYSIS

### A. STANDARD OF REVIEW

■ A complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–45, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980). In evaluating a complaint, any doubts should be construed in favor of the pleader. *Gillespie*, 629 F.2d at 640.

### B. ISSUE OR CLAIM PRECLUSION

In their Motion to Dismiss, the Michaels contend that the state court decision has res judicata effect and is entitled to full faith and credit in this Court. In response, the Stills urge this Court to reconsider the issue in *Still*. The Stills contend that the state court ruling has no binding effect on this Court because deference to state court decisions is only given where the state court issued a ruling after determining it had proper subject matter jurisdiction.

In *Still v. Michaels*, 166 Ariz. 403, 803 P.2d 124, the Arizona Appellate Court concluded that "the FCC has exclusive federal jurisdiction over the resolution of RFI matters." *Id.* at 404, 803 P.2d 124. In so concluding, the court reasoned that in passing the FCA, "Congress delegated comprehensive powers to the FCC to administer a 'unified and comprehensive regulatory system for the industry.'" *Id.* at 404, 803 P.2d 124 (quoting *Blackburn v. Doubleday Broadcasting Co.*, 353 N.W.2d 550, 552 (Minn.1984)). The Arizona Appellate Court concluded that the Federal Communications Act preempts a common law action for nuisance.

■ Under the rules of res judicata, or claim preclusion, a federal court must give to a state court judgment the same binding effect as would be given that judgment under the law of the state in which the judgment was rendered. *In re Lockard*, 884 F.2d 1171, 1174 (9th Cir.1989); *Piatt v. MacDougall*, 773 F.2d 1032, 1034 (9th Cir. 1985) (en banc); 28 U.S.C. § 1738 (1982). A final judgment on the merits absolutely bars a subsequent suit involving the same cause of action. *Piatt*, 773 F.2d at 1034; *O'Neil v. Martin*, 66 Ariz. 78, 85, 182 P.2d 939, 943 (1947).

■ Plaintiffs assert that preclusion is inappropriate where a state court rules that it lacks subject matter jurisdiction. "It is well-settled, however, that full faith and credit extends to state court determinations of subject matter jurisdiction over a controversy, as well as the merits of the controversy itself." *Hooks v. Hooks*, 771 F.2d 935, 949 (6th Cir.1985); *see also Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Underwriters Nat'l Assur. Co. v. North Carolina Life & Acci-*

*dent & Health Ins. Guar. Ass'n,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982); *Acree v. Air Line Pilots Ass'n, Inc.,* 390 F.2d 199, 203 (5th Cir.) *cert. denied,* 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968). The Arizona Court of Appeal's decision that "the FCC's regulation is exclusive in the area of amateur radio operations" must be given full faith and credit in this Court. *Still,* 166 Ariz. at 404, 803 P.2d 124.

▮▮ The present suit is further barred under the doctrine of collateral estoppel or issue preclusion. Once an issue is actually litigated and determined, that determination is conclusive in subsequent suits based on a different cause of action but involving a party or privy to the prior litigation. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel bars relitigation of factual questions or mixed questions of fact and law. *See Brown v. Felsen,* 442 U.S. 127, n. 10, 99 S.Ct. 2205, n. 10, 60 L.Ed.2d 767 (1979). The Restatement (Second) of Judgments sets out the general rule of collateral estoppel or issue preclusion:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Rest.2d of Judgments § 27 (1982); *see also Lockard,* 884 F.2d at 1174. For a judgment to be "final" for purposes of issue preclusion, it must be "sufficiently firm to be accorded conclusive effect." Rest.2d of Judgments § 13. A judgment is "sufficiently firm" where the parties were fully heard, the court supported its decision with a reasoned opinion, and the decision was subject to appeal or was in fact reviewed on appeal. *Lockard,* 884 F.2d at 1175; Rest.2d of Judgments § 13, cmt. g.

This action presents the same issues, as well as the same parties, as the state court action. Moreover, the parties had a full and fair opportunity to litigate this issue in state court. And finally, the state court judgment is a final decision that was subsequently reviewed on appeal. Therefore, the state court decision precludes Plaintiffs from relitigating both the issues and claims that were raised at the state level.

### C. LACK OF SUBJECT MATTER JURISDICTION AND FEDERAL PREEMPTION

▮▮ Even if the state court decision were not binding, this Court would reach the same result. Under federal law, "[t]he district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). For a controversy to arise under the "Constitution, laws, or treaties of the United States," Plaintiffs' cause of action must involve a right created by federal law. *See Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A private nuisance action, however, is a state common law claim. *See* Rest.2d of Torts § 821D; *Arizona Copper Co. v. Gillespie,* 12 Ariz. 190, 100 P. 465 (1909). Lack of jurisdiction in state court does not guarantee that the federal courts retain it.

▮▮ Furthermore, this Court must determine whether the law of nuisance in the area of radio frequency interference is preempted by the Federal Communications Act ("FCA"). Federal preemption of state law is based on the supremacy clause of the United States Constitution, Art. VI, cl. 2. Preemption "is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982) (quoting *Jones v. Rath Packing Co.,* 430 U.S. 519, 529, 97 S.Ct. 1305, 1311, 51 L.Ed.2d 604 (1977)). One way that preemption can be inferred is "where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law." *Louisiana Public Service Comm'n v. FCC,* 476 U.S. 355, 368–69, 106 S.Ct. 1890, 1898–99,

90 L.Ed.2d 369 (1986); *see also Int'l Paper Co., v. Ouellette,* 479 U.S. 481, 491–92, 107 S.Ct. 805, 811, 93 L.Ed.2d 883 (1987).

■■■ "The critical question in considering whether state law is preempted by federal law is Congressional intent—that is, 'whether Congress intended that federal regulation supersede state law.'" *Papas v. Upjohn Co.,* 926 F.2d 1019, 1022 (11th Cir.1991) (quoting *Louisiana Public Service Comm'n,* 476 U.S. at 369, 106 S.Ct. at 1899)). Furthermore, the Court may infer preemptive intent solely from effects. Whether or not the statutory or legislative history is unclear, federal preemption applies if "the ordinary application of the two laws creates a conflict." *Taylor v. General Motors Corp.,* 875 F.2d 816, 826 (11th Cir.1989), *cert. denied,* 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990).

■■■ The principle of implied preemption "applies whether the federal law is embodied in a statute or regulation, and whether the state law is rooted in a statute, regulation, or common law rule." *Taylor,* 875 F.2d at 826, *quoted in Papas,* 926 F.2d at 1022. Federal regulations are equally as preemptive of state law as federal statutes. *Capital Cities Cable, Inc. v. Crisp,* 467 U.S. 691, 699, 104 S.Ct. 2694, 2700, 81 L.Ed.2d 580 (1984); *Michigan Canners and Freezers Ass'n, Inc. v. Agricultural Marketing and Bargaining Bd.,* 467 U.S. 461, 469, 104 S.Ct. 2518, 2523, 81 L.Ed.2d 399 (1984); *Louisiana Public Service Comm'n v. FCC,* 476 U.S. 355, 369, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986) (federal regulations can preempt state law). The "imposition of damages under state tort law has long been held to be a form of state regulation subject to the supremacy clause." *Taylor,* 875 F.2d at 824 n. 16; *see also Papas,* 926 F.2d at 1022; *International Paper Co. v. Ouellette,* 479 U.S. 481, 499–500, n. 20, 107 S.Ct. 805, 815–816 n. 20, 93 L.Ed.2d 883 (1987) (state nuisance suits preempted by Clean Water Act).

The Federal Communications Commission has considered the preemption issue and has concluded that the jurisdiction to control interferences over the airwaves rests exclusively with the Federal Communications Commission. *In the Matter of 960 Radio, Inc.,* 1985 FCC LEXIS 2342 (Oct. 29, 1985). In *960 Radio,* the Commission found that the "federal power in the area of radio frequency interference is exclusive; to the extent that any state or local government attempts to regulate in this area, their regulations are preempted." *Id.* at 2347. The Commission concluded that "the proposed federal regulatory scheme is so pervasive that it is reasonable to assume that Congress did not intend to permit states to supplement it." *Id.* at 2347; *see also In the Matter of Mobilecomm of New York, Inc.,* 2 FCC Rcd. 5519 (available on WESTLAW, F–COM–FCC database), 1987 FCC LEXIS 3162, 63 Rad. Reg.2d 1257 (Aug. 31, 1987).

Although a claim for common law nuisance is not a "regulation," the Commission in *960 Radio* recognized that a state law claim for private nuisance could not be maintained in state court. *Id.* at 2346–47; *see also Blackburn, supra.* While not all state law claims are preempted by the FCA, those theories that would, in effect, prove an obstruction to the FCC's ability to regulate radio frequencies are preempted. *See e.g., Guschke v. Oklahoma City,* 763 F.2d 379, 385 & n. 6 (10th Cir.1985) (zoning ordinance regulating height of antenna towers not preempted by FCA); *Bieneman v. Chicago,* 864 F.2d 463 (7th Cir.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2099, 104 L.Ed.2d 661 (1989) (federal law does not preempt all common-law remedies for airport noise and pollution). The law of nuisance, however, would obstruct the FCC's ability to regulate RFI matters. Accordingly, the federal courts cannot recognize a valid cause of action for private nuisance.

Plaintiffs rely upon *West v. Northwest Airlines, Inc.,* 923 F.2d 657 (9th Cir.1990), *petition for cert. filed* (Sept. 27, 1991); *petition for cert. filed* (Oct. 31, 1991), in its assertion that the federal regulatory scheme in this case does not preempt existing state law remedies. In *West,* a federal statute prohibited states from enacting or enforcing any provision "relating to rates, routes, or services" of any carrier. *Id.* at 659. The Ninth Circuit held that this statute did not preclude enforcement of a Mon-

tana law requiring good faith and fair dealing, even though the law was sought to be enforced in the context of airline overbooking. *Id.* at 659–60. The court concluded that common law remedies in overbooking situations "do not conflict with federal priority rules for boarding passengers and providing compensation to bumped passengers," and that those "state laws that merely have an *effect* on airline services are not preempted." *Id.* at 660, 661 (emphasis in original).

*West* is not dispositive. In the case at hand, there is a direct conflict between the state law claim of nuisance and the FCC's decisions over RFI matters. In the state court action, the Arizona Appellate Court reasoned that if a common law nuisance action existed, "the state court would be required to determine just what level of interference, if any, is inappropriate between these broadcasters." *Id.* 166 Ariz. at 404, 803 P.2d 124. If this Court were to recognize a cause of action for nuisance, it would be placed in the same awkward position as the state court. This was not what Congress intended. The concern over RFI matters should be left exclusively with the FCC.

Moreover, the Court does not have jurisdiction to review the decision reached by the FCC. Under the special statutory review provisions contained in the Administrative Orders Review Act and the Communications Act, exclusive review of final FCC orders lies in the court of appeals. *See* 28 U.S.C. § 2342(1); 47 U.S.C. §§ 402(a) & (b); *FCC v. ITT World Communications, Inc.,* 466 U.S. 463, 468, 104 S.Ct. 1936, 1939, 80 L.Ed.2d 480 (1984).

In conclusion, the Arizona Appellate Court's decision is binding on this Court. Even if this Court did not adhere to the doctrines of res judicata or collateral estoppel, it is apparent that common law nuisance concerning RFI matters is preempted by the FCA.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.