Milo L. PIKE; Henry M. Powers

v.

Daniel G. EDGAR; Edward A. Hennessey; Wendell W. Jesseman; Albert G. Jones; David P. Goodwin; Raymond E. Closson; Stephen Camann; Theodore Wadleigh.

Civ. No. 92–56–SD.

United States District Court, D. New Hampshire.

Sept. 30, 1992.

Edgar D. McKean III, Gilford, N.H., for plaintiffs.

Irvin D. Gordon, Paul J. Barbadoro, Concord, N.H., Brackett B. Denniston III, Boston, Mass., for defendants.

## OPINION

DEVINE, Senior District Judge.

This order addresses the motion to remand the instant action pursuant to 28 U.S.C. § 1447(c) filed by plaintiffs Milo L. Pike and Henry M. Powers. For the reasons that follow, the court grants plaintiffs' motion.

### 1. Background

Primarily in 1988, plaintiffs acquired approximately 440,000 shares of common stock, at a cost of approximately $8.8 million, in a bank holding company which is currently known as Dartmouth Bancorp, Inc. ("Bancorp").[1] Effective January 1, 1990, the four subsidiary banks held by Bancorp were merged into a single bank known as Dartmouth Bank ("Bank").

On October 10, 1991, the New Hampshire Commissioner of Banks declared Bancorp insolvent, and, pursuant to 12 U.S.C. § 1821(c)(3), appointed the Federal Deposit Insurance Corporation (FDIC) as Bancorp's Receiver/Liquidating Agent. FDIC accepted the appointments. At this juncture, plaintiffs lost their investment in Bancorp.[2]

On December 23, 1991, plaintiffs commenced the instant action in the Belknap County (New Hampshire) Superior Court against defendants Daniel G. Edgar, et al,[3] as officers and/or directors of Bancorp. In the original complaint, plaintiffs made numerous allegations of defendants' negligence,[4] including allegations that defendants negligently misrepresented the deteriorating financial condition of Bancorp.[5]

On January 23, 1992, defendants removed the instant action to this Court pursuant to 28 U.S.C. §§ 1441(b)[6] and 1446.[7] On January 31, 1992, plaintiffs amended the original complaint by eliminating paragraphs 14, 15, and 16, which specifically alleged that defendants violated federal securities laws. Neither the original complaint nor the amended complaint expressly invokes federal law as a basis for a right of action.

Plaintiffs seek the remand of the instant action pursuant to 28 U.S.C. § 1447(c),[8] on the ground that federal jurisdiction is lacking because the original complaint failed to state a federal cause of action. Defendants contend that removal was proper under 28 U.S.C. § 1441(b) because (1) the original complaint stated federal derivative claims against Bank, and (2) the original complaint stated a federal cause of action under Securities and Exchange Commission (SEC) Rule 10b–5.[9] 17 C.F.R. § 240.10b–5 (1992).

---

1. Plaintiffs originally acquired stock in United Savers' Bancorp, Inc. In April 1990, United Savers' Bancorp, Inc., changed its name to "Dartmouth Bancorp, Inc." Plaintiffs' Original and Amended Complaints refer to Dartmouth Bancorp, Inc., as "United Savers' Bancorp, Inc."

2. Pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), FDIC succeeded to all of the rights of Bank's shareholders upon FDIC's appointment as Receiver.

3. Also named as defendants were Edward A. Hennessey, Wendell W. Jesseman, Albert G. Jones, Robert P. Keller, David P. Goodwin, Raymond E. Closson, Stephen Camann, and Theodore Wadleigh. Plaintiffs voluntarily dismissed their action against Robert P. Keller on March 9, 1992.

4. *See* Plaintiffs' Original Complaint ¶¶ 13, 18–23, 26, 27, 28–34. These paragraphs also appear in the amended complaint.

5. *See id.* at ¶¶ 13–24, 26, 33–34.

6. 28 U.S.C. Section 1441(b) provides in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

7. 28 U.S.C. § 1446 sets forth the procedure for removal. *See* 28 U.S.C. § 1446.

8. 28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

9. The SEC promulgated Rule 10b–5 pursuant to Section 10(b) of the Securities Exchange Act of 1934. Section 10(b) provides in pertinent part,

   It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails ...

The parties dispute the legal character of the allegations contained in the original complaint. Defendants contend that the original complaint stated claims for (1) negligent management and (2) violations of Rule 10b–5. Plaintiffs contend that the original complaint stated only a New Hampshire common-law claim for negligence.

The parties also dispute the legal character of the allegations contained in the amended complaint. Defendants contend that the amended complaint states claims for negligent management. Plaintiffs contend that the amended complaint states only a New Hampshire common-law claim for negligence.

*2. Discussion*

■ Under 28 U.S.C. § 1441(b), removal of a civil action between nondiverse parties is proper where the plaintiff has brought a claim which "arises under" federal law. 28 U.S.C. § 1441(b). The question whether such a claim has been brought "must ... be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Under the well-pleaded complaint rule, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983) (emphasis in original). This rule also requires that " '[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' " *Id.* at 10, 11, 103 S.Ct. at 2846, 2847 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)).

a. The putative negligent management claims.

■ Defendants contend that plaintiffs' original and amended complaints state claims for negligent management of Bank. Defendants' Memorandum In Opposition to Motion to Remand at 6–7. Defendants further contend that any claims for negligent management of Bank "are properly derivative claims" against Bank. Defendants' Memorandum In Opposition Of Their Motion To Remand, *supra*, at 7. Defendants argue that because Bank has been accepted into receivership by FDIC, these claims are "governed by federal law." [10] Therefore, defendants argue, the instant action was properly removed to federal court. Defendants Memorandum In

---

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Securities Exchange Act, Section 10(b), 15 U.S.C. § 78j(b) (1934).

Promulgated by SEC pursuant to Section 10(b), Rule 10b–5 provides in pertinent part,

It shall be unlawful for any person directly or indirectly by the use of any means or instrumentality or interstate commerce, or of the mails ...

....

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading ...

in connection with the purchase or sale of any security.

17 C.F.R. Section 240.10b–5 (1992).

**10.** The court reads defendants' deliberately vague phrase, "governed by federal law", to mean that defendants are asserting that federal law preempts state law in the field of law at issue. Defendants base their claim of federal preemption on two main sources of law. The first is *Gaff v. FDIC*, 919 F.2d 384 (6th Cir.1990), in which the Sixth Circuit held, *inter alia,* (1) that federal common law preempts state law in the area of shareholder claims against insolvent banks which have been taken over by FDIC, *id.* at 387–91, and (2) that "[in] actions against the officers and directors of a defunct bank, [ ] FDIC should receive *a priority* over the claims of stockholders." *Id.* at 396 (emphasis added). The second source of law upon which defendants rely is 12 U.S.C. § 1821(d)(2)(A)(i), which provides that FDIC, as conservator or receiver, succeeds by operation of law to all the "rights, titles, powers, and privileges of the insured depository institution, and of any stockholder...."

Opposition Of Motion To Remand, *supra,* at 5–11.

Assuming *arguendo* that defendants are correct in assuming (1) that plaintiffs' original and amended complaints state claims for negligent management of Bank; and (2) that these claims are derivative claims against Bank; and (3) that FDIC is the sole owner of any derivative claims against Bank, defendants have done no more than to advance a federal law defense against plaintiffs' putative state-law [11] claims for negligent management of Bank. As the United States Supreme Court held in *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987),

Federal preemption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore,

does not authorize removal to federal court.[12]

*Id.* at 63, 107 S.Ct. at 1546 (citing *Gully v. First Nat'l Bank in Meridian, supra,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70) (whole case). *See also Merrell Dow Pharmaceuticals, Inc., supra,* 478 U.S. at 808, 106 S.Ct. at 3232 (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."). Therefore, defendants' contentions cannot constitute grounds for removal of plaintiffs' action under 28 U.S.C. § 1441(b).

**b. The putative Rule 10b–5 claims.**

Defendants contend that paragraphs 4–5 and 14–16 [13] of the original complaint stated by § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA) were removable under 28 U.S.C. § 1441(b).

As the Court noted in *Metropolitan Life,* it is only with respect to state-law claims preempted by § 301 of the LMRA and state-law claims preempted by § 502(a)(1)(B) of ERISA, that the Court has found the preemptive intent of Congress sufficient to transform a state-law claim into an action arising under federal law. *See Metropolitan Life Ins. Co., supra,* 481 U.S. at 63–67, 107 S.Ct. at 1546–1548. In both *Metropolitan Life* and *Avco Corp.,* the preemptive statute itself created an analogous federal cause of action. *Cf.* Erwin Chemerinsky, *Federal Jurisdiction* 234–35 (1989). Defendants have cited no such statute as the basis for federal preemption in the instant action. *See generally* Defendants' Memorandum in Opposition to Motion for Remand.

**11.** It is clear that, under New Hampshire law, a qualifying shareholder may bring a derivative action for corporate mismanagement. *See Bayer v. Bayer,* 123 N.H. 780, 787, 465 A.2d 900, 905 (1983) (citing New Hampshire Revised Statutes Annotated (RSA) 293–A:49 I (Supp.1981)). It is also clear that, under New Hampshire law, a shareholder may have the right to bring a direct action for harm done to the corporation. *See Appeal of Richards,* 134 N.H. 148, 155, 590 A.2d 586, 590, *cert. denied, Richards v. New Hampshire,* —— U.S. ——, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991) ("In general, a corporation's board of directors, rather than its stockholders, has the authority to bring an action to redress an injury to the corporation. *See* 13 W. Fletcher, *supra* § 5953, at 111. Nevertheless, a stockholder's rights may be directly affected, entitling him to sue in his individual capacity, '(1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, [or] (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders,' 12B W. Fletcher, *supra,* § 5911, at 421, or by the corporation itself, *Gaff v. FDIC,* 814 F.2d 311, 315 (6th Cir.1987).")

**12.** *But see Metropolitan Life Ins. Co., supra,* 481 U.S. at 63–64, 107 S.Ct. at 1546–1547 ("One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character. For 20 years, this Court has singled out claims pre-empted by § 301 of the LMRA [Labor Management Relations Act of 1947] for such special treatment. *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)."). In *Metropolitan Life, supra,* the United States Supreme Court held that state-law claims preempt-

**13.** Paragraphs 4–5 and 14–16 read as follows.

4. As a publicly traded bank holding company, the Corporation was required to file, and did file, with the Securities and Exchange Commission ("SEC"), various documents which disclosed the financial condition of the Corporation, including quarterly and annual reports (10–Q and 10–K) of its financial condition in 1988, 1989, 1990 and 1991.

5. As prudent investors and buyers, the plaintiffs examined carefully the aforementioned documents, relied on the representations contained therein, and based their buy/hold/sell decisions concerning stock in the Corporation upon these documents. Such documents were prepared and issued under the supervision and direction of the defendant, Daniel G. Edgar ("Edgar"), and/or other of the defendants.

ed a federal claim under Rule 10b–5. Plaintiffs contend that paragraphs 14–16, which allege that "defendants violated certain federal securities laws," [14] were included merely "to establish a rebuttable presumption of negligence." Plaintiffs' Memorandum In Support Of Their Motion To Remand at 2.

■ A complaint which merely alleges the violation of a federal statute as an element of a state law claim does not state a federal claim unless a private federal cause of action exists for the violation. *See Merrell Dow Pharmaceuticals, Inc., supra,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650. Therefore, plaintiffs' allegations of federal securities law violations cannot invoke federal jurisdiction unless a private federal cause of action exists for the alleged violations.

■ There is no private federal cause of action for the negligent failure to comply with Section 10(b) and Rule 10b–5. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 193–214, 96 S.Ct. 1375, 1381–1391, 47 L.Ed.2d 668 (1976). The United States Supreme Court in *Ernst* held that a Rule 10b–5 action requires an allegation of "scienter", which the Court defined as "a mental state embracing intent to deceive, manipulate or defraud." *Id.* at 194 n. 12, 96 S.Ct. at 1381 n. 12.[15] The Court expressly declined to address the question whether the term "scienter" includes reckless behavior. *Id.*

■ Although nine courts of appeals have, for purposes of a Rule 10b–5 action, defined scienter to include reckless behavior, *see e.g. Van Dyke v. Coburn Enterprises, Inc.,* 873 F.2d 1094, 1100 (8th Cir.

1989) (citing the adoption of a reckless behavior definition by the Second, Third, Fifth, Seventh, Ninth, Eleventh, and D.C. Circuits, and adopting such a definition itself); *Mansbach v. Prescott, Ball & Turben,* 598 F.2d 1017, 1023 (6th Cir.1979), this Circuit has not decided the question. *See e.g. Hoffman v. Estabrook & Co.,* 587 F.2d 509, 516 (1st Cir.1978). However, consistent with this Circuit's opinion in *Hoffman, supra,* this court will "assume without deciding that recklessness, as well as fraud, will ground an action under Rule 10b–5." *Hoffman, supra,* at 516.

In *Hoffman,* this Circuit applied the following definition of recklessness for purposes of a Rule 10b–5 action: " 'acts of commission or omission[ ] ... so highly unreasonable and such an extreme departure from the standards of ordinary care as to present a danger of misleading the plaintiff *to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it.' "* Hoffman, supra, at 517 (quoting Sanders v. Nuveen & Co., Inc., *554 F.2d 790, 793 (7th Cir.1977)) (emphasis added).*

Under Rule 9(b), Fed.R.Civ.P.,[16] a plaintiff in a Rule 10b–5 action must set forth factual allegations that would support a reasonable inference of reckless behavior. *See Romani v. Shearson Lehman Hutton,* 929 F.2d 875, 878 (1st Cir.1991). In *Romani,* this Circuit cited the complaint in *Hurley v. FDIC,* 719 F.Supp. 27 (D.Mass 1989), as an example of a complaint containing sufficient detail to satisfy Rule 9(b):

[T]he complaint alleged that a bank's financial reports were fraudulent because they did not take into account numerous

14. The defendants violated certain federal securities laws, in that the 1988 and 1989 Forms 10–K and 10–Q submitted to the SEC, and relied upon for their accuracy by the plaintiffs, misrepresented the financial condition of the Corporation by failing to recognize adequately potential loan losses.

15. More specifically, the 1988 10–K and 10–Q's effectively overstated the Corporation's capital position by approximately 5%.

16. More specifically the 1989 10–K and 10–Q's effectively overstated the Corporation's capital position by approximately 25%.

**14.** Plaintiffs' Original Complaint, *supra,* at ¶ 14.

**15.** This Circuit defines the elements of a Rule 10b–5 action as "scienter, material omissions and/or misrepresentations, reliance, and due care by the plaintiff", *Holmes v. Bateson,* 583 F.2d 542, 551 (1st Cir.1978) (footnote omitted), and has adopted the definition of scienter enunciated in *Ernst & Ernst v. Hochfelder, supra. Holmes, supra,* at 551 n. 11 (quoting *Ernst & Ernst v. Hochfelder, supra,* at 194 n. 12, 96 S.Ct. at 1381 n. 12).

**16.** Rule 9(b), Fed.R.Civ.P., states in pertinent part that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

problem loans. The complaint contained many details about specific delinquent loans, the bank's net worth and its reserves for potential loan losses.

*Romani, supra,* at 880 (citing *Hurley, supra,* at 31). Here, the original complaint contains no details relating to the financial condition of Bank during either the preparation or the filing of Bancorp's 1988 and 1989 Forms 10–K and 10–Q.[17] *See generally* Plaintiffs' Original Complaint. Nor does the original complaint contain any mention of either the knowledge or the state of mind of any individual defendant during this period. *Id.* Therefore, the court finds that the original complaint does not state a federal claim under Section 10(b) and Rule 10b–5.

### 3. Conclusion

Because neither the original complaint nor the amended complaint states a claim "arising under the Constitution, treaties or laws of the United States,"[18] 28 U.S.C. § 1441(b), the court finds that removal was improper under 28 U.S.C. § 1441(b) and grants plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). Defendants' motion to dismiss the instant action pursuant to Rules 12(b)(6) and 23.1, Fed R.Civ.P., and defendants' motion to strike affidavits of Milo Pike, Henry Powers, and Eliot Bendrihem, are denied as moot. The instant action is hereby remanded to the Belknap County (New Hampshire) Superior Court.

SO ORDERED.

---

**17.** Defendants themselves do not contend that the original complaint contains allegations of scienter. *See* Defendants' Memorandum In Opposition To Motion To Dismiss, *supra,* at 4 ("The complaint alleged (1) misrepresentations, (2) on which plaintiffs relied, (3) in connection with 'their buy/hold/sell decisions concerning stock in [Bancorp],' (4) causing plaintiffs damage.")

Plaintiffs simply allege that defendants "misrepresented the financial condition of [Bancorp] by failing to recognize adequately potential losses." Plaintiffs' Original Complaint, *supra,* at

¶ 14; *see also id.* at ¶¶ 15 ("More specifically, the 1988 10–K and 10–Q's effectively overstated [Bancorp]'s capital position by 5%.") and 16 ("More specifically, the 1989 10–K and 10–Q's effectively overstated [Bancorp]'s capital position by approximately 25%.").

**18.** Since neither the original complaint nor the amended complaint states a federal claim, the court does not reach the question whether plaintiffs' amendment of the original complaint affected the court's removal jurisdiction.