Michael ELLIS, Plaintiff,

v.

**INTERNAL REVENUE SERVICES, Commissioner; Defendant.**

**Civil Action No. 12-0655 (ABJ)**

United States District Court, District of Columbia.

Signed November 7, 2012

Michael Ellis, Rice, TX, pro se.

### ORDER

AMY BERMAN JACKSON, United States District Judge

■ Michael Ellis filed a "First Amended Complaint/Petition for Injunction" on May 29, 2012, against the Commissioner of the Internal Revenue Services ("IRS"). Plaintiff contends that the Commissioner of the IRS falsifies his internal computer records and certifications for use in court proceedings. Am. Compl. [Dkt. # 6] at 1. Specifically, plaintiff asserts that defendant manipulated the "Individual Master File" ("IMF") and the "Audit Information Management System" ("AIMS") in order to fraudulently create substitutes for plaintiff's tax returns. Am. Compl. at 1. Plaintiff seeks to "enjoin the Commissioner from falsifying *in the future* his computer records and court-ready certificates, (as proven from his falsified records concerning Petitioner)[.]" Am. Compl. at 2 (emphasis in the original). Plaintiff expressly states that he is not seeking declaratory relief, and he does not request damages. Am. Compl. at 2, 6–7.[1]

■ To invoke federal jurisdiction, the threshold requirement imposed by Article III of the Constitution must be satisfied by alleging an actual case or controversy. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (rejecting the plaintiff's request for injunctive relief since he lacked standing because he failed to show a present case or controversy); *Flast v. Cohen*,

---

1. Since plaintiff is proceeding *pro se*, the Court "take[s] particular care to construe the plaintiff's filings liberally, for such complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.' " *Cheeks v.*

*Fort Myer Constr. Co.*, 722 F.Supp.2d 93, 107 (D.D.C.2010), quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

392 U.S. 83, 95, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) (standing is a jurisdictional requirement). To comply with the Article III standing requirement, a plaintiff must show that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To determine jurisdiction, the Court looks to the face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

■ If a plaintiff is seeking injunctive relief, the injury in fact prong requires a plaintiff to "show that he has sustained or is immediately in danger of sustaining some direct injury . . . and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Lyons*, 461 U.S. at 102, 103 S.Ct. 1660 (internal citation and quotation marks omitted). The fact that a plaintiff may have suffered an injury in the past does not indicate that there is a "real and immedi-

ate threat" of it happening again in the future. *See id.* at 105–06, 103 S.Ct. 1660 (describing that the plaintiff's standing to seek injunctive relief preventing officers from using chokeholds on individuals when they are not threatened by the use of deadly force required a showing that the plaintiff was likely to suffer future injury from the use of chokeholds, despite his past injury).

■ Here, plaintiff seeks to enjoin the Commissioner of the IRS from falsifying records in the future. Even though plaintiff has alleged a past injury, he is seeking a remedy for future acts. In the amended complaint, plaintiff states that "[t]he relief Petitioner *is* seeking is a finding the Commissioner falsifies his records and certificates, and to generally enjoin the Commissioner from falsifying *in the future* his computer records and court-ready certifications" but that he "is not seeking 'declaratory' relief of any kind." Am. Compl. at 2 (emphasis in original). There is no allegation of fact that would lead to a reasonable inference that the government is likely to engage in fraud against plaintiff in the future.[2] Because the complaint presents no actual or imminent injury that is likely to be redressed by the relief plaintiff seeks, this case must be dismissed for lack of jurisdiction. *See* Order, *Florance v. Comm'r.*, 1:12-cv-933-RMC (D.D.C. July 3, 2012) (dismissing a complaint for lack of subject matter jurisdiction where the plaintiff alleged that the IRS falsified its records).

Accordingly, it is hereby

---

**2.** Moreover, even though plaintiff's supplemental brief alleges that the Commissioner's maintenance of falsified records harmed the plaintiff's reputation, caused him to lose $45,000 in commissions, and caused him to be terminated from his job, the alleged injuries would not be redressed upon a favorable decision by the Court since plaintiff only seeks

to enjoin the Commissioner from falsifying records in the future. *See Friends of the Earth, Inc.*, 528 U.S. at 181, 120 S.Ct. 693 (requiring, as an element of standing, that a plaintiff's claim is redressable); Pl.'s Br. Re: Subject Matter Jurisdiction W/ Affs. & Exs. In Supp. [Dkt. # 7] at 5–6.

**ORDERED** that the action is DISMISSED. This is a final appealable order.